[Civ. No. 1335.    Second Appellate District.—June 3, 1913.]

GUS. F. KNEISER, Appellant, v. THE BELASCO–BLACK-WOOD COMPANY (a Corporation), Respondent.

NEGLIGENCE—DEFECTIVE STAIRWAY—LIABILITY OF OWNER TO LICENSEE.—The owner of a building is not liable for injuries sustained from a defective stairway by a licensee who uses it through motives affecting his own convenience and not upon invitation, there being no evidence of willful injury or gross negligence.

ID.—ACQUIESCENCE OF OWNER IN USE OF DANGEROUS PREMISES.—A mere passive acquiescence, on the part of the owner or occupant, in the use of real property by others, does not involve him in any liability to them for its unfitness for such use. They take all risks upon themselves.

APPEAL from a judgment of nonsuit of the Superior Court of Los Angeles County. N. D. Arnot, Judge presiding.

The facts are stated in the opinion of the court.

Geo. M. Harker, and Fred J. Spring, for Appellant.

Scarborough & Bowen, for Respondent.

JAMES, J.—Respondent, as assignor of a certain lease covering a theater and business building located in the city of Los Angeles, was sued in this action for damages alleged to have been sustained by plaintiff because of respondent's negligence in failing to keep in repair a certain stairway leading from the ground floor of the building in question to the basement thereof. This stairway was located at the rear of a room in the building which was used by subtenants under respondent as a saloon, and adjoining the portion of the build-

ing used as a theater. The stairway led to a toilet room in the basement. Under the terms of the sublease owned by the saloon proprietors, respondent was under the obligation of keeping the stairway open and in repair for the use of the sublessees and their patrons. There was a doorway leading from the theater lobby into the rear portion of the saloon which, at times when theatrical performances were given, was kept open for the benefit of the saloonkeepers, as well as the proprietor of the theater, respondent herein. In October, 1910, appellant entered the saloon from the street, desiring, as he said, to sit down and rest and to visit the toilet which he knew to be located in the basement. He had not intended to patronize the bar as a customer, but was induced by invitation of some persons who were already in the place to partake of one or more drinks of liquor, which, however, it does not appear were sufficient in quantity to intoxicate him in any appreciable degree. He proceeded to the rear of the place, intending to go to the toilet in the basement, and while traveling down the stairs leading thereto his foot caught on a protruding nail or worn place on the foot boards and he was precipitated to the bottom of the stairs, suffering many severe bruises. When plaintiff had introduced all of his evidence which illustrated the foregoing facts, a motion was made on behalf of respondent that a judgment of nonsuit be entered, and this motion was by the court granted. Plaintiff appealed from the judgment.

Passing over other contentions of appellant, the main and deciding question involved in the case may at once be considered: That is, Was the plaintiff a mere licensee whose presence upon the premises was brought about through motives affecting his own convenience alone, or was he invited there on particular business by reason of which the duty was cast upon respondent to use ordinary care to protect him from injury? If he was a mere licensee intending by permission only to make use of the toilet located on the premises, then respondent under no circumstances which are shown by the evidence would be required to exercise any care toward him, its obligation only being to refrain from causing him injury through a willful act. The rule is stated in Shearman and Redfield on Negligence, vol. 2, par. 705, as follows: "A mere passive acquiescence, on the part of the owner or occupant,

in the use of real property by others, does not involve him in any liability to them for its unfitness for such use. They take ·all risks upon themselves. . . ." See, also, Barrows on Negligence, p. 304. A case bearing many points of similarity in its condition of facts is that of *Herzog* v. *Hemphill,* 7 Cal. App. 116, [93 Pac. 899], as is also the case of *Schmidt* v. *Bauer,* 80 Cal. 565, [5 L. R. A. 580, 22 Pac. 256]. At the time the ruling was made on the motion for judgment of nonsuit, no evidence had been offered tending to show either that respondent had caused any injury to be inflicted upon plaintiff such as might be denominated "willful," or that it had been guilty of any gross negligence. Under the rule announced in the cases cited, no liability could, therefore, have resulted, and for this reason alone the trial judge very properly granted the motion to nonsuit the plaintiff.

This conclusion having been reached, the alleged errors complained of arising upon the refusal to admit certain testimony offered by the plaintiff need not be considered. Neither is it necessary to pass upon the objections made by respondent to the settling of the bill of exceptions, which bill was presented to the judge who tried the cause out of the county in which the trial was had.

The judgment is affirmed.

Allen, P. J., and Shaw, J., concurred.