[Civ. No. 1877.  First Appellate District.—March 22, 1917.]

## FRANZ BRAUN, Respondent, v. ARTHUR VALLADE et al., Appellants.

NEGLIGENCE—FALL THROUGH OPEN TRAPDOOR IN SALOON—LIABILITY OF OWNERS TO INJURED PARTY.—Where a person entered a saloon for the purpose of using the toilet, and after doing so returned to the barroom and ordered a drink, and after being served walked across the room to examine a picture hanging on the wall, and in doing so fell into an open trapdoor and was injured, the relation of the injured party to the saloon owners at the time of the injury was that of a customer to whom the latter owed the duty of ordinary care, and such duty was violated by leaving such trapdoor open and unguarded in that portion of the floor space which was open and accessible to customers.

ID.—DUTY TO GUARD TRAPDOOR—CONFUSING INSTRUCTION—CURE BY OTHER INSTRUCTION.—An instruction that if the defendants in the conduct of their business negligently opened and left open and not properly guarded or obstructed a trapdoor in the floor of the saloon, and that such trapdoor was then a part of such barroom

and open to the use of patrons, customers, and the public, and plaintiff was lawfully on the premises, and such negligence and not plaintiff's negligence was the proximate cause of the injuries, the jury should find for the plaintiff, while confusing as to whether reference was made to the floor space filled by the trapdoor when closed or to the spaces below the trapdoor when open, such confusion is cured by the instruction that if a part of the premises where the trapdoor was located was private and not open to the public, and the public did not have access thereto, the defendants were not required to maintain guards around the trapdoor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

S. C. Wright, for Appellants.

J. Dimmer, and E. D. Knight, for Respondent.

LENNON, P. J.—This is an appeal from a judgment in plaintiff's favor in an action for damages alleged to have been sustained by him by reason of his having fallen through an open and unguarded trapdoor in the floor of certain premises occupied and used by the defendants in the conduct of a saloon.

There is little, if any, disagreement between the parties respecting the main facts of the case. The defendants on the tenth day of July, 1914, were engaged in conducting a saloon known as the Minneapolis Bar on Market Street in the city and county of San Francisco. On said day the plaintiff entered the said place of business of the defendants for the purpose, according to his testimony, of using the toilet attached to and in the rear of the saloon. Having done this and returned to the barroom the plaintiff, not wishing, as he stated, to use the convenience of any place without some return, went to the bar and ordered a drink of beer; and having been served and begun to drink it he observed a picture upon the opposite wall of the saloon, and being interested in painting walked across to examine it, and in so doing fell into an open trapdoor, and was precipitated into the basement, suffering severe injuries. There is some conflict in the evidence as to whether the space in front of where the picture hung, and of which the trapdoor when closed formed a part

of the floor, was a portion of the open or public area of the saloon; or was separated therefrom by a piano and other obstructions, indicating that it was private and not intended for public use; but in respect to this matter the plaintiff himself testified that there was no obstruction between the bar and the picture, and that he walked directly across the room toward it and to the open space into which he fell. There is also some evidence that upon the wall above the trapdoor there was a large cardboard sign reading "Private. Keep out"; but there was evidently some question as to whether this sign referred to the floor space in front of the picture partly occupied by the trapdoor when closed, or to the basement and entrance into it when the trapdoor was open. The jury resolved these doubts in the plaintiff's favor, and we are not asked to review their discretion in respect to these conflicts in the evidence. The appellants, however, urge as their main contention in the case that the undisputed evidence does show that the plaintiff having entered upon the premises for the purpose indicated by his own testimony, became and was throughout the period of his presence there a mere licensee toward whom, as such, the defendant owed no duty other than that of refraining from causing him an injury by a willful or grossly negligent act. In support of this contention the appellants chiefly rely upon the case of *Kneiser* v. *Belasco-Blackwood Co.*, 22 Cal. App. 205, [133 Pac. 989], as indistinguishable from the case at bar. The facts of that case were briefly these: The plaintiff had entered the saloon of the defendant desiring to sit down and rest, and to visit the toilet which he knew to be located in the basement. He had not intended to patronize the bar as a customer, but was induced by the invitation of others already in the place to partake of one or more drinks of liquor, after which he proceeded to go to the basement of the place in pursuit of his original intention to visit the toilet there. While going down the stairs leading thereto his foot caught upon a projecting nail, and he fell and was injured. The court held upon these facts that the plaintiff was a mere licensee, and as such was not entitled to recover. It seems to us, however, that the distinction between the above case and the present one is clearly outlined by a comparison of the facts of each. In that case, as in the present one, the act and intent of the plaintiff in entering the premises of the

defendants for the purpose of making use of the toilet rendered him a mere licensee so long as that intent and purpose was maintained, or was returned to if departed from; the act of the plaintiff in the foregoing case in drinking at the request of others may have changed his relation to the defendants from that of a mere licensee to that of a customer; but, if so, the proofs in that case showed that the plaintiff therein resumed his former relation of licensee when he returned to his primary intent and purpose to use the defendants' toilet, and was proceeding to carry out that intent and purpose at the time of his injuries. In the case at bar, however, the plaintiff having entered the defendants' premises with an intent and purpose which under the foregoing case would have constituted him a mere licensee, appears to have fulfilled that purpose and terminated that relation when, upon returning from the toilet to the barroom, he determined to become, and did in fact become, a customer of the defendants by ordering and partaking of a drink at their bar. From the moment of his changed intent and action his relation to the defendant changed from that of a mere licensee to that of a customer, to whom the defendants would owe the duty of ordinary care—a duty which it is conceded would be violated by negligently leaving an open and unguarded trapdoor in that portion of the floor space of the barroom which was open and accessible to customers. We think that the evidence in this case sufficiently shows that the plaintiff stood in the relation of a customer to the defendants at the time of his injuries, and that these were caused by the appellants' negligent act.

The appellants further contend that the trial court erred in giving to the jury the following instruction:

"The court instructs the jury that if they believe from all the evidence that the defendants in the conduct of their business mentioned in the complaint at the time of the injuries to plaintiff, carelessly and negligently opened and left open and not properly guarded or obstructed a trapdoor in the floor of said saloon, and that said trapdoor was then a part of said barroom and open to the use of patrons and customers and to the public, and that plaintiff was lawfully upon said premises, and that such negligence, and not negligence on the part of plaintiff, was the proximate cause of the injuries to plaintiff, they should find for the plaintiff."

It may be, and in fact is practically conceded on the part of the respondent, that the foregoing instruction is confusing in its reference to the "trapdoor in the floor of said saloon" as being a part of said barroom and "open to the use of patrons and customers and to the public," the doubt being as to whether these phrases refer to the spaces below the trapdoor when open or to the floor space filled by the trapdoor when closed. If understood in the latter sense the instruction would not be subject to the appellants' criticism; nor would it in our opinion be liable to the objection that it invaded the province of the jury by charging as to matters of fact. Aside from this, however, we think that whatever confusion may have arisen from the doubtful meaning of the foregoing instruction was sufficiently cured by the court in the rest of its instructions, and particularly in the following one, given at the request of the appellants:

"I charge you that if you believe from the evidence that the part of the premises where the trapdoor was located was private and not open to the public, and the public did not have access thereto, then I charge you that the defendants were not required in law to maintain guards or barriers around said trapdoor."

The final contention of the appellants is that the court erred in refusing to give certain instructions requested by them upon the subjects of contributory negligence and proximate cause. The record discloses, however, that the court quite fully and correctly charged the jury upon these subjects, and hence was justified in refusing to give an added instruction thereon in the particular form requested by the defendants.

Judgment affirmed.

Richards, J., and Kerrigan, J., concurred.