## H. L. GREEN CO., Inc., v. BOBBITT.
### No. 4391.

Circuit Court of Appeals, Fourth Circuit.
Oct. 19, 1938.

Oscar L. Sapp, of Greensboro, N. C. (Armistead W. Sapp, of Greensboro, N. C., on the brief), for appellant.

D. Newton Farnell, Jr., of Greensboro, N. C. (B. L. Fentress and C. Clifford Frazier, both of Greensboro, N. C., on the brief), for appellee.

Before NORTHCOTT and SOPER, Circuit Judges, and WEBB, District Judge.

282

PER CURIAM.

A judgment was rendered in the District Court in the pending case in favor of the plaintiff for the sum of $3,500 for damages suffered when she fell down a stairway in the defendant's store. The case was submitted to the jury on the theory that the defendant was guilty of negligence in failing to provide a reasonably safe stairway for the use of its customers.

The plaintiff made some purchases in the store and then left the premises, leaving her pocketbook behind by mistake. When she discovered her loss, she returned to the salesgirl who had waited upon her and was told that the pocketbook had been sent to the office of the store located on a mezzanine floor which was reached by a stairway. The plaintiff went to the stairs, ascended them and was given her pocketbook in the office. While she was descending the stairs on the way back, the heel of her shoe was caught on the second step and she was thrown backward and suffered substantial injuries.

The negligence charged is that the stairway was insufficiently lighted and improperly constructed. There was evidence on the part of the plaintiff that the stairway was not well lighted, either when she ascended the stairs or when she returned, and also that the construction of the steps was somewhat unusual in that the treads were slanted downward somewhat more than the usual slight angle; and that the height of the steps was not uniform. The top riser was 5¾ inches in height and the next one 7½ inches in height. The fall took place as the plaintiff's foot was placed upon the second step from the top.

◼ It is urged on the part of the defendant that the plaintiff at the time of the accident was not an invitee to whom the defendant owed the duty of ordinary care, but was merely a licensee for whose injury the defendant was not liable in the absence of wilful and wanton negligence. This contention is based upon the fact that the plaintiff returned to the store merely for the purpose of recovering her pocketbook and not as a customer for the purchase of goods. The evidence, however, does not justify this conclusion. The purpose for which the plaintiff re-entered the store and ascended the steps was closely connected with the business for which she originally entered the store and it was, moreover, shown that by a rule of the store articles lost by customers were sent to the office and that customers in search of them were required to go to the office to recover them.

◼ It is also contended that the evidence as to insufficient lighting was not enough to take this issue of negligence to the jury because of very strong evidence on the part of the defendant that a sufficient light was constantly maintained above the stairway. But the evidence of the plaintiff on this point was definite and precise and thus an issue was raised which it was the duty of the judge to refer to the jury.

It is also pointed out by the defendant that the evidence showed that the treads of the stairway had been recently renewed. This fact, however, was specifically drawn to the attention of the jury who were instructed by the judge that there was no evidence to indicate that the treads were not in good condition. Nevertheless, there was evidence as to some slight slant in the treads and also to the irregular height of the risers and when these facts are connected with the absence of lighting, they constitute sufficient ground for the submission to the jury of the allegation that the steps were negligently maintained.

◼ It is also charged that the plaintiff was guilty of contributory negligence. It is emphasized that the plaintiff, a few minutes before the accident, had ascended the stairway and had become familiar with it, and it is argued that the only reasonable inference is that she fell by reason of her own neglect, and therefore a directed verdict for the defendant should have been granted. The issue of contributory negligence was submitted to the jury which found that the plaintiff did not negligently contribute to her own injury. The submission of the issue was all that the defendant was entitled to in this respect, for the mere fact that the plaintiff had ascended the steps without injury was not sufficient, in view of the circumstances above described, to justify the conclusion that the plaintiff's fall must have been occasioned at least in part by her own neglect.

Affirmed.