BRUSH *v.* PUBLIC SERVICE COMPANY OF INDIANA.

[No. 16,105.  Filed May 23, 1939.]

*Craig & Craig* and *J. M. Johns,* for appellant.

*Evans & Heben, McFaddin & McFaddin* and *Aikman, Miller & Causey,* for appellee.

LAYMON, J.—Appellant, by his next friend, sought by this action to recover damages for injuries which he sustained as a result of coming in contact with a transmission wire and receiving a charge of electricity while upon the transformer platform of appellee.

The complaint was in one paragraph and in substance alleged: That a transformer platform was constructed and maintained by appellee adjacent to the roof of a factory building in such close proximity that children could descend from the roof of the building by means of the platform; that the platform and building were situated adjacent to an open field or common which had for many years been used by the public for circuses and carnivals and was, on the day of appellant's injury, and had been for many years prior thereto, used as a playground by the children of the community—of which fact appellee knew; that appellee maintained a power house located approximately two blocks from the factory building and that the view from the power house to the factory building and playground was clear and unobstructed; that on the day of appellant's injury, and for many years before, there was a mulberry tree at the south end of the factory building which children had been accustomed to use in their play as a means of ascending to the roof of the factory; that children, including appellant, had for many years, while engaged in play, used the premises and buildings in such manner; that appellee, in the exercise of ordi-

nary care, should have known and reasonably anticipated that children, in their play, would climb to the roof of the factory building and on to the transformer platform upon which appellee maintained its transformers, wires, and appliances for the purpose of transmitting its electricity to the factory building; that on October 6, 1934, appellant, while engaged in play with other children, climbed upon the roof of the building by means of the mulberry tree and proceeded across the roof and onto the transformer platform, where he received a heavy voltage of electricity, causing the injuries complained of; that appellee negligently and carelessly constructed and maintained the platform involved and negligently and carelessly maintained the transformers and wires thereon; and that appellee negligently and carelessly failed to guard and insulate the wires and transformers so as to prevent children who had occasion to be upon the platform from coming in contact with them.

To this complaint appellee filed a general denial. On the issues thus formed the cause was submitted to a jury, resulting in a verdict for appellee upon which judgment was rendered accordingly. In due time appellant filed his motion for a new trial, which was overruled, and this appeal followed. The error assigned is the action of the court in overruling appellant's motion for a new trial. The only grounds or reasons in the motion which appellant discusses in his brief relate to the giving of each of certain instructions tendered by appellee.

It appears that appellant, on October 6, 1934, sustained injuries by receiving a heavy voltage of electrical current while upon the transformer platform constructed and maintained by appellee for the purpose of supporting its transformers, wires, and electrical appliances used in the furnishing of its electricity;

that for several years prior thereto there had been in the northwest part of the city of Brazil, Indiana, adjacent to a public highway, an open field or common used by children, youths, and adults as a playground, and at times for circuses, carnivals, and other public gatherings. Adjoining this open field was a factory building extending 300 feet north and south, 300 feet east and west, and approximately 14 feet in height. The roof of this building was comparatively flat. On the day that appellant received his injuries, and for many years before, there were no fences or barriers to prevent persons using the open field or common from entering the premises upon which the factory building and appellee's transformer platform were located. Appellee was, at the time of the accident and for several years prior thereto, engaged in furnishing electricity to the factory for power and light. In furnishing this electricity, appellee had erected, constructed, and maintained a platform adjacent to the factory building. Four large, upright poles of the size and type commonly used for maintaining transmission lines were placed in a rectangular position with a series of cross-arms attached at a distance of approximately 14 feet from the ground—thus forming the platform. There were no guards or warning signs near this platform. Appellee maintained a substation about two blocks south of the factory building, and the view from this station to the factory building and surrounding open territory was unobstructed. Near the south end of the factory building was a mulberry tree which boys at times had climbed to reach the roof of the building. On the day of the accident appellant was playing on the common with two boys younger than he, and, in the course of their game, appellant, to avoid being caught, ascended to the roof of the factory building, proceeded across the roof, and stepped over to the transformer platform belonging to appellee.

While upon the platform to evade his pursuers in play he received a charge of electricity, thereby sustaining injuries. Appellant's age on October 6, 1934, was 14 years, 3 months, and 21 days.

The jury returned with their general verdict answers to interrogatories by which they found that the appellee did not invite appellant to go upon the platform; that the roof of the factory building was of such nature that it would likely be damaged by boys playing thereon; that the occupant of the factory building, prior to the date of the accident, personally told boys to stay off of the roof and called city police for the purpose of keeping them off; that appellant was upon the roof of the building without the consent of its occupant; that the occupant of the building objected to boys climbing upon and using the roof of such building; and that appellant was not upon the roof of the factory building for the benefit or convenience of the owner or occupant of the building or for the benefit or convenience of appellee.

Complaint is made of appellee's tendered instruction No. 9 which informed the jury of their province in determining the credibility of the witnesses. Appellant insists that the instruction is erroneous because it told the jury that in weighing the testimony of a witness his business might be taken into consideration, thereby in effect stating that the testimony of one class of witnesses was to be given greater weight than that of another. The instruction informed the jury that it was their duty to determine the credibility of the witnesses and the weight to be given to their testimony, and that in weighing the testimony of the witnesses they could take into consideration the interest the witness had, if any, in the result of the action, his candor and fairness or want of fairness, his manner and bearing while testifying, his intelligence or want of intelligence, his bias or prejudice, if mani-

fested, his character, business, habits and associations as disclosed by the evidence of the case, the reasonableness or unreasonableness of his testimony, his means and opportunity of knowing the facts which he testifies, etc. The instruction does not refer to any witness or class of witnesses by name or allusion. The elements enumerated in the instruction which the jury was told they might consider were as equally applicable to the witnesses of appellee as they were to the witnesses of appellant. A person's business may or may not afford him greater opportunity for knowing the facts about which he testifies, and the jury has the right to consider such element in determining what weight should be given to the testimony. The instruction is not subject to the criticism urged. *Woollen* v. *Whitacre* (1883), 91 Ind. 502; *Cline* v. *Lindsey* (1887), 110 Ind. 337, 11 N. E. 441; *Lynch* v. *Bates* (1894), 139 Ind. 206, 38 N. E. 806; *Indianapolis, etc., Traction Co.* v. *Dunn* (1906), 37 Ind. App. 248, 76 N. E. 269.

Both appellant and appellee tendered instructions. The trial court gave all of the instructions tendered by appellant except Nos. 10 and 15, and all of those tendered by appellee except Nos. 1, 2, 7, 32, 39, and 43. These were all of the instructions given. The objections which appellant urges against each of the instructions tendered by appellee and given by the court may be summarized as follows: they are not a correct statement of the law, are not applicable to the evidence and within the issues, and, in effect, direct a verdict for appellee.

Appellant insists that this case falls within that class of cases which must be governed by the application of the doctrine that although a licensee takes the premises as he finds them, with all their risks and dangers, and the owner of the premises owes him no duty of making any active effort to discover his presence, if the owner,

however, discovers his presence and sees him in a situation of peril, he is not permitted to do an affirmative act which might reasonably be expected to increase the peril; in other words, the duty to use care in such cases may arise from the fact of the presence of the child on the premises in a situation of peril and the knowledge of the owner thereof, actual or constructive, of his perilous situation; or that where an owner who is in immediate control of a dangerous force knows, or from the facts within his knowledge should know, that if left exposed persons would likely come in contact with it, in which event it would obviously become dangerous to them, the owner so exposing the dangerous force should reasonably anticipate the injury which is likely to result from its exposure and is required to exercise reasonable care to guard it so as to prevent injury therefrom.

It is contended that whether the appellant was a bare licensee or invitee when upon the transmission platform, if appellee knew or ought to have known that boys of his age were accustomed to being there, appellee was chargeable with due care in the management of its poles, wires, and current, so as to protect children or others who might be expected to be there from injury and was bound to anticipate that some injury might result to someone in consequence of the location and condition of the wires. Appellant concedes that instructions were tendered by him upon this theory and that they were given by the court.

Appellee sought to avoid liability upon the theory that appellant was a trespasser or licensee and that appellee owed him no duty, except not to wilfully injure him, and furthermore, because of appellant being *sui juris*, he was guilty of contributory negligence.

While there are many decisions, both in this state and elsewhere, in which the rules applicable to cases of

this character have been applied, the courts have been governed by the particular facts in each case in determining what rule should be applied, the essential question in each case being, Did the owner of the premises (under the particular circumstances of the case involved) owe any duty to the party injured on his premises, and, if so, was such duty violated, and did such violation result in the injury complained of?

By instruction No. 10 tendered by appellee the court told the jury that unless it found from a preponderance of the evidence that appellee owed some duty to appellant which it negligently failed to perform, there could be no right of action in appellant's favor against appellee, and if it was found that appellant was not on the platform of appellee rightfully, then appellee owed appellant no duty other than to refrain from wilful injury.

By instruction No. 11 the jury was told that if they found that appellant was more than 14 years of age at the time of his injury, under the law of Indiana he would be chargeable as an adult for his conduct in going upon the roof of the factory building and onto the platform of appellee.

By instruction No. 16 the jury was told that a licensee or trespasser takes the premises upon which he travels as he finds them, with all their attendant risks and dangers, and that if they found that appellant came upon the platform without the invitation of appellee, as a mere trespasser or licensee, their verdict should be for appellee.

Instruction No. 20 informed the jury that if they found by a preponderance of the evidence that lack of care on appellant's part for his own safety materially contributed to his injury, their verdict should be for appellee.

In disposing of the criticism urged against the in-

structions tendered by appellee, it must be borne in mind that before appellant could compel appellee to answer in damages for the injuries sustained, he must allege and prove actionable negligence, which consisted of a duty owing, the failure to perform that duty, and injury resulting therefrom. *Harris* v. *Indiana General Service Co.* (1934), 206 Ind. 351, 189 N. E. 410.

Generally speaking it is true that the duty of the owner or occupant of the premises to a person injured thereon depends to some extent on whether such person was there as a trespasser, or as licensee by permission or passive acquiescence only or as a licensee by the inducement or invitation express or implied of such owner or occupant. The duty as expressed by our courts in general terms is to the effect that the owner or occupant of premises owes no duty to the trespasser thereon, except to refrain from wilfully or intentionally injuring him after discovery of his presence. *Cleveland, etc., R. Co.* v. *Means* (1915), 59 Ind. App. 383, 104 N. E. 785, 108 N. E. 375.

We recognize that there are exceptions to the general rule, such as cases to which the attractive nuisance doctrine and the doctrine of last clear chance have been applied and cases where children and persons *non sui juris* are likely to come in contact with a dangerous force. *Cleveland, etc., R. Co.* v. *Means, supra; Fort Wayne, etc., Traction Co.* v. *Stark* (1921), 74 Ind. App. 669, 127 N. E. 460; *Terre Haute, etc., Traction Co.* v. *Sanders* (1923), 80 Ind. App. 16, 136 N. E. 54; *Harris* v. *Indiana General Service Co., supra.*

However, in the instant case, in determining what duty, if any, appellee owed appellant and whether or not appellee was charged with the consequences of his own acts, it must be borne in mind that appellant, at the time of his injury, was of the

age of 14 years, 3 months, and 21 days and apparently a normal child in mind and body. There was no averment or proof that he was not *sui juris* or was defective mentally or that he did not understand the consequences of his acts or know of the danger of ascending to the platform and coming in contact with the electric wires. Under the decisions of this court and our Supreme Court, appellant, under such circumstances, must be charged as a matter of law with the consequences of his acts as an adult. *Bottorff* v. *South Construction Co.* (1916), 184 Ind. 221, 110 N. E. 977; *Kent* v. *Interstate Public Service Co.* (1933), 97 Ind. App. 13, 168 N. E. 465.

Considering that appellant is *sui juris*, and as a matter of law charged with the consequences of his acts as an adult, together with the undisputed facts showing the manner in which he ascended to the platform, his purpose in so doing, the location and type of structure, his convenience and necessity for being on the platform, and the opportunity and obvious likelihood of danger, we can not perceive upon what theory appellant could escape the consequences of his own acts and avoid being guilty of contributory negligence as a matter of law.

Appellee has cited the case of *Kent* v. *Interstate Public Service Co., supra.* We think this case is analogous to the case at bar and supports the conclusion we have reached.

It affirmatively appears from appellant's own testimony that he knew of the danger of electricity and was aware of its presence and use throughout the city of Brazil. By his tendered instructions Nos. 12, 13, 17, and 19, appellant recognized that contributory negligence was within the issues submitted and constituted a defense.

Appellant attempts to distinguish the Kent case from

the case at bar by contending that in the instant case it was shown that children had for several years been accustomed to using the ground adjacent to the factory building and transformer platform as a playground. In the Kent case the court said (p. 18) : "It was a common occurrence for boys to climb to the top of the girder and over the top of the bridge, generally hunting for birds' nests."

The fact that children, including appellant, were accustomed to playing on the ground adjacent to the transformer platform and factory building furnished a reason for them to be on the common, but such fact did not afford appellant, especially in view of his age, a legitimate excuse for being on the roof of the factory building and on the transformer platform of appellee.

Further complaint is made of the instructions tendered by appellee and given by the court upon the ground that there is an inconsistency between these instructions and those tendered by appellant and given by the court. Should there be an inconsistency existing, the appellant is not in a position to complain. The instructions tendered by appellee in our judgment correctly state the law, and therefore the inconsistency, if any, was created by the giving of the instructions tendered by appellant. *Gray* v. *Gray* (1931), 202 Ind. 485, 176 N. E. 105.

Appellant urges other objections to the instructions given, but we consider these of minor importance, and in view of the conclusion we have reached, no good purpose would be served by extending this opinion to discuss them.

We find no reversible error in the giving of appellee's tendered instructions.

Judgment affirmed.