### KING et al. v. YANCEY.

No. 302.

District Court, D. Nevada.

Jan. 14, 1944.

Clyde D. Souter, of Reno, Nev., for plaintiff.

E. F. Lunsford and Bert Goldwater, both of Reno, Nev., for defendant.

NORCROSS, District Judge.

This is a case removed from the State District Court of Washoe County. Plaintiffs are husband and wife. Defendant is a resident of Sacramento, California, engaged in carrying on a general business of the insulation of building structures and, for that purpose, maintains a business office and center in a building located in Reno,

Nevada. Plaintiff, George C. King, was employed as a salesman by defendant. The prayer of plaintiff's complaint is for a judgment for damages for alleged personal injuries, sustained by plaintiff, Jessie F. King, while within defendant's said building, in the sum of $20,000. To plaintiff's complaint, defendant has interposed a motion to dismiss upon the ground that "the complaint fails to state a claim against defendant upon which relief can be granted." The motion to dismiss has been submitted upon briefs filed.

The allegations of fact appearing in the complaint which appear to be controlling of the question of law presented upon the motion are the following:

"* * * that at said address said defendant carried on a general business of the insulation of building structures, and same related lines of business. * * * That * * * the said George C. King, * * * was regularly employed by the Defendant, J. H. Yancey, to solicit business for the said Defendant, and particularly the business of insulating building structures * * *; that in the regular course of his employment, he worked out of the business house or place where the business of the Defendant was conducted, * * *, reporting there, arranging his material and using said building * * *, at all times when not actually in the field soliciting business; and that * * *, in the regular course of his employment, had a key to the main entrance of said building where said business was conducted * * *, and in the regular course of his service and employment by Defendant, entered said building at all times and all hours and on all days for the purpose of facilitating and carrying on his employment under the terms thereof.

"That on or about Sunday, July 19, 1942, the said George C. King, in the regular course of his employment, made preparations to call upon a prospective customer of the Defendant for an insulation job at Bridgeport, California, on the following day, and said preparations were as follows: The said George C. King, being an elderly man and in very poor health, and subject to falling asleep without warning, requested his wife, Jessie F. King, one of the plaintiffs herein, to accompany him on a trip by automobile to Bridgeport, California, in order that she might be with him and be able to aid and assist him in the event that he should need such aid and assistance on said trip.

"That the said Plaintiff, Jessie F. King, consented to, and agreed to, accompany said George C. King for the reasons and purposes just mentioned, and in pursuance of said arrangement and plan went with the said George C. King in his automobile on the morning of Sunday, July 19, 1942, to the business place of the Defendant, at 817 East 4th Street, Reno, Nevada, in order that * * * said George C. King could there get certain materials and samples which he in turn intended to exhibit to the prospective customer of the Defendant hereinabove mentioned.

"That said George C. King stopped his automobile in front of the main entrance of Defendant's business building aforesaid, and entered said building, the said Plaintiff, Jessie F. King, remaining in the car; that a short time later the said George C. King came out of said building to the car and stated to the Plaintiff, Jessie F. King, that the trip to the first point of stoppage enroute to Bridgeport, California, would be a long trip, said George C. King planning to go by way of Lake Tahoe, that facilities in which one could perform the exigencies of nature would not be easily available for a long period of time, and suggested that the said Plaintiff, Jessie F. King, come in the building and use the toilet before starting on the journey; thereupon Plaintiff, Jessie F. King, said that it was not at that time necessary, and said George C. King returned into the business building of the Defendant, but within a few moments Plaintiff, Jessie F. King, left the automobile and herself went into the business building of the Defendant and stated that she had decided that it would be necessary and advisable to use the toilet facilities in the Defendant's establishment before commencing the journey.

"That Defendant's business building consisted of a one-story structure approximately twenty-five (25) feet in width, * * * and approximately seventy-five (75) feet in length; that the main entrance * * * was a door located in the center of the building; that when one entered that door, about ten (10) or fifteen (15) feet from the door a partition was across the entire width of the building; that approximately in the center of said partition, * * * an opening * * * was in said partition; that some three (3) or four (4)

feet behind this opening a screen, approximately the same width as the opening, was in place so that one passing through the opening was required to turn to the left and then to the right in order to enter the rear portion of the building; and that as one turned to the right he was within approximately ten (10) or twelve (12) feet of the west or lefthand wall as one approached from the main entrance.

"That upon the said Plaintiff, Jessie F. King, stating that she desired to use the toilet facilities, as she was requested to do by said George C. King, the George C. King, who at that time, with the said Plaintiff, Jessie F. King, was in the front office section of the building, * * * turned toward the open place in the partition, and pointing in that direction said, 'You will find the toilet in there. The door is partly open'; that thereupon Plaintiff, Jessie F. King, went through the opening in the partition, turned to the left to avoid the screen, and turned to the right; almost directly before her, at a distance of approximately twenty (20) feet, more or less, appeared a door, partly open, hanging in a wall which came out of the main west wall some two (2) feet wider than the door, and then ran northerly to the north wall of the main structure; that said door was the only door which could be seen by a person entering said rear portion of Defendant's business building as the plaintiff, Jessie F. King, was required to enter said rear portion of said building.

"That the partition, * * * across from the west to the eastern wall * * * was high partition, rising to within a few feet of the ceiling, and the screen north of the opening in this partition * * * was a high screen but not quite as high as the partition itself; that the Defendant had been using the rear room for showing moving pictures of insulation jobs and the only two windows in the rear portion of said building were covered with a black paper which shut out all light from entering the back room; that the available light in the back room was that which came from the street side of the building, which was almost all glass, * * * and which found its way into the rear room over the top of the partition; that although the light was poor, the Plaintiff, Jessie F. King, could see the open door reasonably clearly; that said door was hinged on the west side and opened out toward the south; that said Plaintiff, Jessie F. King, approached said door, * * * opened the door with her left hand, and as she did so the light from the front windows coming over the partition lighted the top portion of the structure into which the door entered, and the Plaintiff, Jessie F. King, saw the walls, and, relying upon the directions which had been given to her by said George C. King, stepped forward into the small structure, believing it to be the toilet; that as Plaintiff, Jessie F. King, stepped forward, her foot did not contact a floor, as anticipated but the entrance was to a steep flight of stairs and the sudden stepping down the first step, * * * threw the Plaintiff, Jessie F. King, off balance, and she was catapulted down a long flight of stairs to the cellar of said building; * * * that said stairway in the condition in which it existed was dangerous * * *.

"That as Plaintiff, Jessie F. King, entered the rear portion of * * * building, * * * it was impossible for her to see that there existed a door entering what was actually the toilet, said toilet being located in the area above the stairway, and entered by a door on the sidewall of the structure in which the stairway was located, which said door opened inwardly * * *."

The questions of law presented upon the motion to dismiss are whether, upon the facts alleged, plaintiff, Jessie King, at the time of her injury, was in the status of an invitee or that of a mere licensee, and any liability which may depend upon such respective status. Plaintiff, George King, was neither owner or occupant of the premises. An occupant, as that term is used in cases of this character, means one in possession by authority of the owner such as, for example a lessee or tenant. An owner or occupant may be liable for an injury to an invitee or licensee where such owner or occupant is represented by an employee acting within the scope of his authority when in charge of the premises. In this case the scope of employment of the plaintiff, George King, as a salesman with right to enter thereon for purposes of such services, gave him no authority over the premises, such as would classify his wife, under the facts alleged, as an invitee. Assuming plaintiff, Jessie King, to have had the status of a licensee, the law governing such status, would give plaintiffs no right of recovery for injuries sustained in accordance with the facts as alleged. Nevada T. & W. Co. v. Peterson, 60 Nev. 87, 89 P.2d 8, 99 P.2d 633; Babcock &

Wilcox v. Nolton, 58 Nev. 133, 71 P.2d 1051, 1053. In the opinion in the Babcock case, supra, appears the following: "In order that a person may have the status of a licensee the owner or person in charge of the premises must have knowledge of.his entry or his presence thereon, or of a customary use of the particular portion of the property used for the purpose for which such person is using it."

It is well settled as a matter of law that plaintiffs have no right of recovery against the defendant, owner of the property, upon the facts as alleged, either upon the status of plaintiff, Jessie King, being that of an invitee or a licensee. Seavy v. I. X. L. Laundry, 60 Nev. 324, 333, 108 P.2d 853; Kneiser v. Belasco-Blackwood Co., 22 Cal. App. 205, 133 P. 989; Garthe v. Ruppert, 264 N.Y. 290, 190 N.E. 643; Standard Oil Co. v. Henninger, 100 Ind.App. 674, 196 N.E. 706, 709; Schmidt v. Bauer, 80 Cal. 565, 22 P. 256, 5 L.R.A. 580; McNamara v. MacLean, 302 Mass. 428, 19 N.E.2d 544; McMullen v. M. & M. Hotel Co., 227 Iowa 1061, 290 N.W. 3; 45 C.J. 796, par. 201; 38 Am.Jur. 767 par. 105; Redfield on Negligence Vol. 2, par. 705.

In the brief for plaintiffs appears a map of the ground floor of defendant's business building. It shows that the entrance to the stairway to the basement and the entrance to the toilet are located near each other on the west side of the building in adjoining spaces, constructed for such respective purposes, the toilet room being in the extreme northwest corner of the floor space just beyond and adjoining the stairway portion. The door to the stairway is shown to open outwards to the south and that of the toilet to open inwards to the west. It is clear from the map that a stranger to the floor space of the building, upon inquiring from one in the main office, of the location of the toilet and that such person turning "toward the open place in the partition, and pointing in that direction said, 'You will find the toilet in there. The door is partly open,'" and thereupon such stranger entering the larger room space to the north of the partition, might probably become confused upon such entrance when but one door space would appear in view, no mention having been made of the presence of two doors or the precise or approximate location of the toilet door.

Conceding such statement to constitute negligence which occasioned the accident and injury, the plaintiff husband's employment by defendant was not of the character which would make the defendant, in law, liable for such negligence and, hence, subject to a judgment for damages therefor in favor of both husband and wife upon a community property law relationship or in favor of either of them.

It is the conclusion of the court that the motion to dismiss should be sustained.

It is so ordered.