STANDARD OIL COMPANY OF INDIANA, INC. *v.* SCOVILLE.

[No. 19,259. Filed June 19, 1961. Rehearing denied July 28, 1961. Transfer denied November 30, 1961.]

522

*Henley & Bunger,* of Bloomington, for appellant.

*Robert F. McCrea,* of Bloomington, for appellee.

RYAN, P. J.—This was an action for damages brought by the appellee who allegedly suffered personal injuries which resulted from his slipping and falling upon the stairway of the appellant's place of business in Bloomington, Indiana. The appellee had gone to the appellant's bulk plant to pay his fuel bill, which he customarily did every other Saturday. It was a foggy, misty day, and the appellee, after parking his car in the appellant's parking lot, went to the office of Glenn Morris, who was the manager of the appellant's plant. To get to such office the appellee had to go up some steps which were made of concrete with a metal band on the edge. The parking lot was muddy and the steps were wet and had some mud thereon.

After paying his bill, the appellee left the office and safely traversed the distance to his automobile. He then returned to appellant's office to discuss with Mr. Morris the fact that the lock on the trunk of his car had previously been broken. As appellee stated:

> "Well, I went back in to discuss it with Mr. Morris. He seemed friendly with me and I don't know, I just kinda' wanted to unload my troubles on him I guess."

After Mr. Morris had listened to his problem, the appellee then started to return to his car, and slipped on the steps leading from the office and fell. While he attempted to grab the handrail, he could not do so.

Under this state of facts appellant contends that the appellee was a permissive licensee at the time he fell, while the appellee submits the proposition that since he had never left the premises he continued in

the status of an invitee, and that such question was one of fact for the determination of the jury.

Trial was had by jury, which resulted in a verdict for the appellee, and consistent judgment was rendered thereon. Appellant filed its motion for a new trial which was overruled, and the appellant assigns as error the overruling of its motion for a new trial. The two causes which the appellant urges herein are that the verdict of the jury is not sustained by sufficient evidence and that the verdict of the jury is contrary to law.

The duty owed by a person who owns or is in charge of the premises to a person on such premises depends largely on the relationship between such occupier of the land and the person injured thereon, the general rule in Indiana being:

"The owner or occupant of premises owes no duty to the trespasser thereon, except to refrain from wilfully or intentionally injuring him after discovery of his presence." (Citing cases) *Cleveland, etc., R. Co.* v. *Means* (1915), 59 Ind. App. 383, 391, 104 N. E. 785 (Petition for rehearing denied 108 N. E. 375), 21 I. L. E. Negligence, §36.

. . . . .

"A licensee, who enters on premises by permission only, without any enticement, allurement or inducement being held out to him by the owner or occupant . . . goes there at his own risk, and enjoys the license subject to its concomitant perils." (Citing cases) *Cleveland, etc., R. Co.* v. *Means, supra*, p. 392.

. . . . .

"To a licensee on his premises, *by invitation*, the master or occupant assumes an obligation of making and keeping such premises in a reasonably safe condition, suitable for the use of such licensee while he remains thereon, under such invitation, and for a breach of this obligation he is liable in damages to a person injured thereby, who is himself free from contributory

negligence." (Citing cases) *Cleveland, etc., R. Co.* v. *Means, supra,* p. 393.

Now, then, what persons are, in legal contemplation, permissive licensees or business invitees? Again the rule in Indiana is that a licensee is a person:

".  .  . who, for his own convenience, curiosity or entertainment, goes upon the premises of another by his (the owner or occupant's) permission ■ or sufferance." *Cleveland, etc., R. Co.* v. *Means, supra,* p. 393, 21 I. L. E. Negligence, §37,

and business invitees are those who go:

".  .  . upon the lands of another with the express or implied invitation of the owner or occupant, either to transact business with such owner, ■ or occupant, or to do some act which is of advantage to him (the owner or occupant) or of mutual advantage to both licensee and the owner or occupant of the premises. An invitation is implied from such a mutual interest." *Cleveland, etc., R. Co.* v. *Means, supra,* p. 394, 21 I. L. E. Negligence, §33, *Brush* v. *Public Service Co. of Indiana* (1939), 106 Ind. App. 554, 562, 21 N. E. 2d 83.

Having thus stated the general principles applicable to the case before us, we now turn our attention to their application.

It seems only logical that an invitation has its limitations. As stated in 65 C. J. S. Negligence, §47:

"The owner or person in charge of premises is bound to keep them in a reasonably safe condition for use by an invitee or business visitor at ■ all times *to which the invitation extends, but is under no such duty at times to which the invitation does not extend.*" (Emphasis ours.)

and 38 Am. Jur. Negligence, §101:

> "The duty owed by an owner or occupant of premises to an invitee for his safety is measured and limited by the nature of the invitation held out. His liability is only coextensive with the invitation; and to entitle a person to recover for injuries on the basis of a duty owed to him as an invitee, he must show that at the time of injury he was using the premises for a purpose contemplated by the invitation."

In the case of *Knieser* v. *Blasco-Blackwood Co.* (1913), 22 Cal. App. 205, 133 Pac. 989, the appellant had entered a tavern to visit the men's room and to sit and rest. He was then induced by certain people already in the premises to have a drink with them. Upon going to the men's room he caught his pantsleg on a protruding nail and fell down the stairs. The court there held that he was a permissive licensee and there would be no liability in the absence of evidence showing wilful injury or gross negligence.

Again the California court, in *Braun* v. *Vallade* (1917), 33 Cal. App. 279, 164 Pac. 904, faced a similar situation. The plaintiff had entered the tavern to use the restroom. Not wishing to use the convenience of the tavern without some return to them, he went to the bar and ordered a drink. Being a lover of art, he stepped from the bar, to the wall of the tavern to observe a picture hung thereon, and in the process of traversing the tavern floor, fell through a trapdoor. The court there held that the plaintiff had entered the premises under a purpose which would have constituted him a licensee, and having fulfilled that purpose when he ordered his drink, he became a customer. The court stated at page 905:

> "From the moment of his changed intent and action his relation to the defendant changed from that of a mere licensee to that of a customer to

whom the defendant would owe the duty of ordinary care."

See also *Hickman* v. *First Nat. Bank of Great Falls* (1941), 112 Mont. 398, 117 P. 2d 275, and *Wilke* v. *Randolph Trust Co.* (1944), 316 Mass. 267, 55 N. E. 2d 466.

The appellee cites two cases in support of his contention, that of *Sulhoff* v. *Everett* (1944), 235 Ia. 396, 16 N. W. 2d 737, and *H. L. Green Co., Inc.* v. *Bobbitt* (1938), 99 F. 2d 281. In the *Sulhoff* case the plaintiff had re-entered a beauty shop to obtain her coat which she had left on the premises, and the court there stated at page 739, 16 N. W. 2d, that the invitation:

". . . embraces an invitation to a patron to return to the premises to get that which he left behind when he was a customer."

In the *Bobbitt* case the plaintiff had returned to the premises for her purse which she had left there. The court in that case stated at page 282:

"The purpose for which the plaintiff re-entered the store and ascended the steps was closely connected with the business for which she originally entered the store . . ."

We think these cases can be distinguished from the one presented to us here, as we agree with the language stated in the *Sulhoff* case which we have quoted above, that indeed the invitation to a patron would include a return to the premises to obtain that which was inadvertently left on such premises. However, in the case before us we are not presented with such a factual situation. The facts concerning the appellee's return to the appellant's office were undisputed and show that the appellee returned for his own convenience and not to transact business, and for a purpose which was not of mutual advantage to the appellee and the appellant.

The appellee's status, that is, whether he was in fact an invitee or a licensee at the time and place here involved, was a vital and controlling question upon the issue of the alleged negligence of the appellant.

In cases where the evidence of the material facts is in conflict, it is generally a matter for the jury under appropriate instructions by the court, to determine whether, under the particular circumstances of the case, a status of invitee or licensee is presented. Where, however, as here, the controlling facts on such particular question are undisputed, the determination of the status involved is for the court. It seems clear that under the circumstances made apparent by the record before us, the application of the legal principles enunciated by the authorities referred to result in the conclusion that appellee occupied the status of a licensee. It follows that the verdict was contrary to law. *Piepho* v. *Gesse* (1938), 106 Ind. App. 405, 456, 18 N. E. 2d 468.

Judgment reversed.

Ax, Cooper and Myers, JJ., concur.

Note.—Reported in 175 N. E. 2d 711. Transfer denied, Achor, C. J., in which Arterburn and Landis, JJ., dissent.