[No. AO22534. First Dist., Div. Three. Mar. 21, 1984.]

McNEAL BREAUX, SR., Plaintiff and Appellant, v.
GINO'S, INC., Defendant and Respondent.

---

**COUNSEL**

Edward I. Mears for Plaintiff and Appellant.

Gregory J. Rockwell, Gail C. Isaacson and Boornazian, Jensen & Garthe for Defendant and Respondent.

OPINION

BARRY-DEAL, J.—McNeal Breaux, Sr., appeals from a summary judgment for respondent Gino's, Inc., in his action for the wrongful death of his wife.[1] We affirm.

The undisputed facts are that the decedent choked while eating at a restaurant owned and operated by respondent. An assistant manager of the restaurant called for an ambulance as soon as he became aware that decedent was in distress. No one attempted to give first aid to decedent, who was alive when the ambulance arrived.

It is also undisputed that respondent complied with the provisions of Health and Safety Code section 28689[2] by posting in an appropriate place the state-approved first aid instructions for removal of food which may become stuck in a person's throat.

Appellant contends that summary judgment was improperly granted because the case presented a triable issue of fact as to whether the damage he suffered was the foreseeable result of respondent's negligence. Respondent concedes that it had a legal duty to render assistance to decedent, but argues that it met its duty, as a matter of law, when it promptly summoned an ambulance. We conclude that respondent's contention is correct.

---

[1] Appellant also named as a defendant Acme Western Ambulance Service, which defaulted in the matter and has not otherwise appeared. Respondent filed a cross-complaint against Acme and Yvonne Williams, who is alleged to be the adult daughter of decedent Mildred Breaux. The cross-complaint is not involved in this appeal.

[2] Health and Safety Code section 28689 provides: "The state department shall adopt and approve first aid instructions designed and intended for use in removing food which may become stuck in a person's throat. Such instructions shall be limited to first aid techniques not involving the use of any physical instrument or device inserted into the victim's mouth or throat.

"The state department shall supply to the proprietor of every restaurant in this state such adopted and approved instructions. The proprietor of every restaurant shall post the instructions in a conspicuous place or places, which may include an employee notice board, in order that the proprietor and employees may become familiar with them, and in order that the instructions may be consulted by anyone attempting to provide relief to a victim in a choking emergency.

"In the absence of other evidence of noncompliance with this section, the fact that the instructions were not posted as required by this section at the time of a choking emergency shall not in and of itself subject such proprietor or his employees or independent contractors to liability in any civil action for damages for personal injuries or wrongful death arising from such choking emergency.

"Nothing in this section shall impose any obligation on any person to remove, assist in removing, or attempt to remove food which has become stuck in another person's throat. In any action for damages for personal injuries or wrongful death neither the proprietor nor any person who nonnegligently under the circumstances removes, assists in removing, or attempts to remove such food in accordance with instructions adopted by the state department, in an emergency in a restaurant, shall be liable for any civil damages as a result of any acts or omissions by such person in rendering such emergency assistance."

It is well established that restaurants have a legal duty to come to the assistance of their customers who become ill or need medical attention and that they are liable if they fail to act. Thus, in the traditional language of the law of torts, they are liable for nonfeasance as well as misfeasance. (*People* v. *Henning* (1971) 18 Cal.App.3d 872, 875 [96 Cal.Rptr. 294]; *Kingen* v. *Weyant* (1957) 148 Cal.App.2d 656, 661 [307 P.2d 369]; *Braun* v. *Vallade* (1917) 33 Cal.App. 279, 282 [164 P. 904]; Rest.2d Torts, § 314A, com. f, illus. 5, 6, 7; Prosser, Law of Torts (4th ed. 1971) § 56, pp. 338-343, § 61, pp. 385, 392-395.) However, the nature and extent of their duty, i.e., what physical acts restaurants and their personnel are required to perform, has never been decided by a California court.

The decision as to what losses are compensable is " 'essentially political' " (*Borer* v. *American Airlines, Inc.* (1977) 19 Cal.3d 441, 446-447 [138 Cal.Rptr. 302, 563 P.2d 858]), and political questions are "within the wisdom and power of the Legislature." (*Marks* v. *Whitney* (1971) 6 Cal.3d 251, 260-261 [98 Cal.Rptr. 790, 491 P.2d 374].) "[W]hen neither the Constitution nor the Legislature has spoken on the subject the courts may make the declaration." (*Safeway Stores* v. *Retail Clerks etc. Assn.* (1953) 41 Cal.2d 567, 574 [261 P.2d 721].) Here, however, the Legislature has spoken.

In Health and Safety Code section 28689 (fn. 2, *ante*), the Legislature has established standards for restaurants' actions with respect to patrons who have food stuck in their throats. That section provides: ". . . Nothing in this section shall impose any obligation on any person to remove, assist in removing, or attempt to remove food which has become stuck in another person's throat. . . ." We hold that this statute establishes as a matter of law that a restaurant meets its legal duty to a patron in distress when it summons medical assistance within a reasonable time. Accordingly, respondent met its duty to decedent by summoning an ambulance promptly, and the trial court correctly granted summary judgment for respondent.

The judgment is affirmed.

Scott, Acting P. J., and Feinberg, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.