Morehouse *et al. v.* Heath.

Filed Jan. 9, 1885.

------

No. 11,884.

## MOREHOUSE ET AL. *v.* HEATH.

VENDOR AND VENDEE.—*Deed.*—*Covenants.*—*Breach.*—*Practice.*—*Damages.*—*New Trial.*—In an action upon a covenant in a deed against encumbrances, no question arises as to the amount of the recovery, unless a new trial is asked either upon the ground that the damages assessed are excessive, or that there was error in the amount of the recovery.

SAME.—*Encumbrances.*—*Payment.*—*Recovery.*—The conveyance of land by a deed with general covenants entitles the vendee to recover such sum from the vendors as he was compelled to pay in extinguishment of such encumbrance, unless the vendee assumed the payment of such encumbrance as a part of the purchase-money.

SAME.—*Mortgage.*—*Foreclosure.*—*Sale.*—*Title.*—Where land is thus conveyed, and the same and other land are encumbered by a mortgage which is subsequently foreclosed and the title conveyed thereunder to another, the vendee in such conveyance is entitled to recover from the vendors such reasonable sum as he has been compelled to pay to extinguish such title to his land.

Morehouse *et al. v.* Heath.

SAME.—*Instruction.*—*Extinguishment of Encumbrance.*—An instruction to this effect is not faulty because it fails to inform the jury that if such title is not extinguished by such payment, substantial damages can not be recovered. If such fact is deemed essential and not proved, the defendant should prepare and request the proper instruction.

SAME.—*Agreement.*—*Evidence.*—*Res Gestœ.*—*Lien.*—In such case, an agreement made between the purchaser, at such foreclosure sale, and the vendee, in relation to the conveyance of such land by the former to the latter, upon payment of his proportion of the debt, is admissible in evidence as part of the transaction whereby such encumbrance was extinguished. .

SAME.—*Evidence of Assumption of Encumbrance.*—In such case, evidence that the vendee was upon the land before its purchase, knew for what purposes it was specially adapted, and knew it was of much greater value than the contract price, is not admissible to show that he assumed as part consideration of the purchase the encumbrance in question.

SAME.—*Statements.*—*Hearsay.*—Statements made by one of the parties to a controversy, in the absence of the other, as to the terms of their contract, are mere hearsay evidence, and are not admissible as against the other party.

SAME.—*Res Gestœ.*—Such statements made by the defendant at the time he employed an attorney to remove the encumbrance is not a part of the *res gestœ*, and is therefore not admissible to rebut such inference as grows out of such act.

SAME. — *Consideration of Conveyance.* — A memorandum of the various amounts that composed the consideration of a conveyance, made by one party in the presence of the other at the time of such conveyance, is admissible in evidence for the purpose of showing what was the real consideration of such conveyance.

SAME.—*Possession of Tenant.*—The fact that the land at the time it was conveyed was in the possession of a tenant, and such fact was not mentioned in the deed, was not admissible in evidence for the purpose of showing that the vendee probably took the land subject to the encumbrance.

PRACTICE.—*Recalling Witness.*—No error is committed in refusing to allow a party to recall a witness to testify to a matter to which he has already testified.

SAME.—*Argument of Counsel.*—*Witness.*—*Evidence.*—The statement of the counsel in the closing argument, that a witness was not disinterested, is not beyond the scope of a legitimate discussion, and where a paper, the contents of which were not read, was admitted to have been delivered to the plaintiff as containing a statement of the amount of taxes due upon the land, a statement in the closing argument that such paper had been delivered was not improper.

From the Tippecanoe Circuit Court.

Morehouse *et al. v.* Heath.

*B. W. Langdon* and *T. F. Gaylord,* for appellants.
*S. P. Baird* and *W. D. Wallace,* for appellee.

BEST, C.—The appellee brought this action against the appellants for breach of a covenant against encumbrances.

The complaint avers, in substance, that in consideration of $9,300 the appellants, on the 21st day of September, 1880, conveyed by warranty deed to the appellee the land in the complaint described; that at the time of such conveyance the land was encumbered by a judgment in favor of the estate of John Purdue, deceased, and that on the 2d day of September, 1882, said land, with seventy acres of other land, a part of which was owned by one William C. Wormley, was sold by the sheriff of said county to William C. Wilson and Jay H. Adams for $2,315.91, the amount of principal, interest and costs due upon said judgment; that on the 1st day of September, 1883, said Wilson and Adams, in consideration of $2,586.42, paid them by said Wormley, assigned said certificate of purchase to one R. S. McMillen, as trustee; that on the 6th day of September thereafter, said McMillen received from the sheriff of said county a conveyance of all of said land in pursuance of said sale, and the appellee, on said day, was compelled to, and did, pay said Wormley, in order to release his land from said conveyance, $2,200. Wherefore, etc.

The appellants each filed an answer of two paragraphs. The first paragraph of each answer was a general denial, and the second averred, in substance, that in part consideration of said conveyance the appellee agreed to purchase said land, subject to the Purdue judgment. A demurrer was overruled to the second paragraph of each answer, and a reply in denial was filed. The issues were tried by a jury, and a verdict was returned for the appellee, assessing his damages at $2,245.10. Separate motions for a new trial by each appellant were overruled, and these rulings are assigned as error.

The first point made by the appellants is, that the evidence fails to show that the title acquired by McMillen was ex-

tinguished by the payment made by the appellee, and that in the absence of such showing the appellee was not entitled to recover anything more than nominal damages. We think the evidence justified the jury in finding that the title acquired by McMillen to the appellee's land was conveyed by the former to the latter at the time the payment was made to Wormley, as alleged; but, however this may be, the record presents no question concerning the amount of the recovery. The appellants did not ask a new trial either on the ground that the damages assessed were excessive, or that there was error in the assessment of the amount of recovery, and in the absence of such motion the record presents no such question. *Rout* v. *Menifee,* 59 Ind. 525; *Smith* v. *Smith,* 77 Ind. 80; *Millikan* v. *Patterson,* 91 Ind. 515.

The appellants also insist that the court erred in charging the jury that "the deed of conveyance introduced in evidence is a warranty deed, and covenants on its face that the property is free from encumbrances, except the encumbrances therein named, and if the plaintiff has been compelled to and has paid any sum not exceeding the amount of the encumbrance, interest and costs, to clear off an encumbrance not named in the deed, as charged in the complaint, he has the right to recover such sum in this action, with interest from the time of payment at the rate of six per cent. per annum, unless as part of the consideration of said deed the plaintiff agreed to take said deed subject to such encumbrance."

The principal objection urged to this instruction is, that it fails to inform the jury that before substantial damages can be recovered the outstanding title of McMillen must have been extinguished. · Without conceding that the recovery of such damages was dependent upon such fact, it is enough to say that the undisputed evidence in this case upon such question justified the jury in finding that such title was conveyed to the appellee at the time such payment was made, and, therefore, the instruction, as applicable to the evidence, was not erroneous. Besides, if the appellants really believed there

was any question upon the evidence as to the extinguishment of such title, and deemed proof of such fact essential to the recovery of substantial damages, they should have prepared and requested the proper instruction. *Reissner* v. *Oxley*, 80 Ind. 580; *Dyer* v. *Dyer*, 87 Ind. 13.

It is also said that the instruction withdraws from the jury the question whether or not the amount paid was fairly and reasonably necessary to remove the encumbrance. We think otherwise. It informs the jury that the appellee is entitled to recover any sum he was compelled to and did pay, not exceeding the amount of the encumbrance. A payment he was compelled to make would seem to be necessary in order to remove the encumbrance.

It is next insisted that the court erred in permitting the appellee to read in evidence a written agreement made by him, Wormley and McMillen, in relation to the redemption of said land from the sale upon the Purdue judgment. During the year of redemption, Wormley purchased the certificate of sale and then assigned it to McMillen under an agreement that if the land should not be redeemed, he should take a sheriff's deed, and upon the payment of $2,194.66 by the appellee to Wormley, that McMillen should convey by quitclaim deed the appellee's land to him, and quitclaim the residue to Wormley. The land was not redeemed, but was conveyed to McMillen, and thereafter the appellee paid to Wormley the amount of money mentioned in said agreement. The evidence also tended to show, as we have before remarked, that McMillen then conveyed the appellee's land to him, and this agreement was admissible in evidence for the purpose of showing that the money paid to Wormley was paid to remove such encumbrance from the appellee's land. It constituted a part of the transaction whereby such encumbrance was extinguished, and was, therefore, admissible to establish such fact.

The appellants, in support of their affirmative defence, called

witnesses, and sought to prove by them, that the appellee had been over the farm before he purchased it, what he said about it being a stock farm, what kind of farm it was; that the appellee knew it was worth $8,000 more than he agreed to pay and the Purdue judgment; that he knew Levi Morehouse was not able to pay the Purdue judgment, and that the land was fairly worth $50 per acre. These offers were made while the witnesses were being examined in chief, and after some of them had testified that the appellee had agreed to take the land subject to the Purdue judgment. This proffered testimony was excluded, and the appellants insist that such ruling was erroneous.

This testimony had no tendency, as it seems to us, to prove that the appellee agreed to take the farm subject to the Purdue judgment, and was, therefore, inadmissible for such purpose. It is not insisted that it could of itself subserve any such purpose, but it is contended that it was admissible to lend probability to the testimony of the appellants' witnesses. We think otherwise. The most of it was clearly inadmissible for any such purpose. The appellee's acquaintance with the farm, its adaptation to stock raising, and his familiarity with Levi Morehouse's financial condition, were circumstances entirely too remote to subserve any purpose as original evidence. The value of the land was a more significant fact, but this, at most, was a mere equivocal one. If the land—392 acres—was worth the price claimed, this fact showed that the appellants were selling it for about one-half of its value, whether it was sold for the price named in the deed, or for such price subject to the Purdue judgment. In either event the value of the land largely exceeded the contract price, and, therefore, its value was, at most, a very equivocal circumstance, one that could not, as it seems to us, aid the jury in determining whether or not the land was purchased subject to the Purdue judgment. At least we can not say that the appellants were injured by the exclusion of such testimony,

and, therefore, conclude that no error was committed by the ruling.

The appellants also complain because the court refused to allow them to prove that the appellee was upon the farm in 1878 for the purpose of buying it. The appellee afterwards testified that he was then upon the farm for such purpose, and if there was any error in the court's ruling, this testimony rendered it harmless.

The Purdue judgment was rendered against Benjamin Morehouse while he owned the land, and in 1882 the appellee inquired of him what he and Levi intended to do about it, and said that Levi should pay it, and that he would loan him the money for such purpose. This conversation was reported by Benjamin to Levi, and the appellants offered to prove that Levi, in response, said to Benjamin that the appellee had taken the land subject to the judgment, and is bound to pay it himself. This was mere hearsay, and was incompetent. The statement was not made to the appellee, nor was he bound by it. The ruling was right.

After the purchase of the farm by the appellee, the appellant Levi brought an action in the appellee's name to set aside the sale of his land upon the Purdue judgment, and the appellee offered such record in evidence, as well as some admissions made by said Levi as to the employment of an attorney to prosecute such action, to show that he regarded himself bound by his covenant to remove such encumbrance. This evidence was admissible.

E. A. Greenlee, Esq., was employed by Levi Morehouse to bring such action, and the appellants called him and offered to prove by him that when he was employed said Levi said to him that he was informed that he had said the sale was void, and that he would get it set aside for $50, or charge nothing, to which the witness assented, and thereupon Levi said to him " that it was the agreement of John H. Heath to take said land subject to said judgment, but rather than have

trouble with Heath he would employ witness on such terms." This testimony was excluded, and, we think, properly. The appellee was not bound by the statement of Levi that he had agreed to take the land subject to the Purdue judgment, and it was not admissible as a part of the *res gestæ*. A party's statement as to his purpose in doing an act, made at the time, is generally admissible as a part of the *res gestæ*, but a party can not narrate a past occurrence and thus render his statement of such fact admissible against the opposite party. Though made at the time of doing an act, it is no part of the act, and, therefore, is not admissible upon such ground. 1 Whart. Ev., section 261. The offer of appellants embraced such statement, and was, therefore, properly excluded.

At the date of the deed the parties met to consummate the contract, but owing to some disagreement the purchase was then broken off, the appellee claims, because he then discovered that the "Grave heirs" owned a small interest in the land, and the appellants because they wanted the appellee to take the land subject to the Purdue judgment. The appellee, in rebuttal, called A. H. Yount, Esq., in whose office the interview occurred, and he testified that nothing was said about the Purdue judgment. The appellants then called Levi Morehouse, and offered to prove by him that the parties did not break up the trade on account of any interest or title of the Grave heirs. This was properly excluded, because the witness was allowed to testify that nothing was said in that interview about the Grave heirs.

The appellee was permitted to read in evidence a memorandum of the amount of cash paid, and the various sums assumed in the purchase of the land. This memorandum, he testified, " I made * * * with Levi sitting at my table." This was sufficient to render it admissible.

The appellants also offered to prove that the land, at the time of the sale, was held by one Cooper under an unexpired lease, and that they informed the appellee of such fact. The

ground upon which it is insisted that this testimony was relevant is, that as this lease constituted an encumbrance subject to which the land was purchased, and as this encumbrance was not mentioned in the deed, this fact lends probability to the claim of appellants that the appellee also took the land subject to the Purdue judgment. This, by no means, follows. Besides, the proposition involves the assumption that the lease was not itself embraced within the covenant.

Finally it is insisted that the course pursued by one of the appellee's counsel, in the closing argument to the jury, is such misconduct as to warrant the reversal of the judgment.

During the trial the appellant Levi J. Morehouse testified that a portion of the land had been sold for taxes, and that he procured from the treasurer of the county a statement of the amount that would be required to redeem it. A paper was then handed him and he was asked by the appellee if that was not the statement, and if he did not deliver it to the appellee. He said that such paper was the statement, but could not remember whether he had delivered it to the appellee; thought he had, but afterwards said that he had not. The paper was not read in evidence. In closing the argument one of the appellee's counsel held a paper toward the jury and said: "He wanted them to observe the paper; that it was the paper delivered by Mr. Levi J. Morehouse to John W. Heath." To this statement the appellants objected and excepted.

The counsel then said "that the jury would remember that in the testimony of Levi J. Morehouse a certain paper representing certain items of tax was handed to said Levi, and he was asked if he didn't give that to John W. Heath, and he couldn't remember, but thought he did;" that said counsel then said that all he wanted was to discuss the evidence that was in, and "this was the paper shown Levi J. Morehouse, which he said he couldn't remember whether he handed it to Heath or not." To these remarks the appellants ob-

Morehouse *et al.* *v.* Heath.

jected and excepted, and the court said it was not proper to comment on anything not in the evidence.

The counsel then said to the jury that this paper related to the case, and called their attention to the fact that it had been excluded, to which appellants also objected and excepted. .

The counsel also said to the jury: "That Levi J. Morehouse was not the indifferent party in the negotiations for the sale of this land, but was anxious for the sale," to which the appellants also objected and excepted.

The last statement of the counsel does not appear to us to be an improper comment upon the attitude of one of the parties to the transaction in controversy. It appears rather to be fairly within the range and scope of a legitimate discussion of the questions in dispute.

The exhibition of the paper, and the statements of counsel concerning it, are subject to some criticism, but we can not see how these things could possibly affect the appellants injuriously. The mere exhibition of the paper could not thus affect them, and there was no attempt either to comment upon its delivery or upon its contents in connection with any disputed fact in the case. Its contents were not before the jury, and, of course, could not legitimately be commented upon; but we can not say that the evidence before the jury did not authorize the counsel to insist that such statement had been delivered; if so, the mere statement that the paper exhibited was such statement in no manner affected the appellants injuriously.

This disposes of all the questions discussed by the appellants in their brief, and as we are of opinion that no error was committed against them, the judgment should be affirmed.

Per Curiam.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at the appellants' costs.

Filed Jan. 23, 1885.