Filed Oct. 11, 1892.

No. 15,075.

THISTLEWAITE ET AL. *v.* THISTLEWAITE ET AL.

EVIDENCE. — *Advancements.* — *Declarations of Decedent.* — *Res Gestæ.* — *Partition.*—In an action for partition where pleadings were filed which presented the question for decision whether some of the heirs of the decedent had not received property from him as an advancement, declarations of the deceased, made several years after the transaction, as to the terms upon which the money and property were turned over to his children were too remote in point of time to be admitted in evidence as part of the *res gestæ.*

SAME.—*Declarations Against Interest of Party Making.*—Such declarations were not admissible in evidence either upon the ground that they were declarations against the interest of the party by whom they were made, inasmuch as so far as the interest of the decedent was concerned it was immaterial whether the transfer of the money and property was by way of gift or advancement.

SAME.—*Exclusion of Period of Remoteness.*—Evidence that the decedent had purchased the land in controversy with money received from his first wife, the mother of the heirs, was properly excluded in view of the remoteness as to time, and its indirection as to the main question.

SAME.—*Conversation with Decedent.*—*Party Testifying Against Herself.*—*Remedy of Other Parties.*—A party to an action being competent to testify against herself, although her testimony embraced conversations with a person since deceased, the other parties to the action can not complain, when they failed to ask, as was their right to do, to have a specific and clear instruction directing the jury that such testimony was not competent against them.

From the Hamilton Circuit Court.

*T. J. Kane* and *T. P. Davis,* for appellants.

*M. Bristow, A. Boulder, R. R. Stephenson,* and *W. R. Fertig,* for appellees.

ELLIOTT, J.—The complaint in this case seeks the partition of lands of which John Thistlewaite died the owner. Such pleadings were filed as presented for decision the question whether some of the heirs of the deceased had not respectively received property as an advancement, and it was decided that they had so received property. The questions argued by counsel are presented by a motion for a new trial, and these questions we shall consider and decide in the order in which they logically arise.

The appellants made various offers to prove the declarations of John Thistlewaite as to the terms upon which the money and property was turned over to his children, but the court excluded the offered evidence. The evidence offered is of the same general character, and was, in substance, that John Thistlewaite declared that the property was made over to the respective recipients as an absolute gift, and not as an advancement. The offered declarations were made several years after the transactions, and were not, in any sense, part of the acts. They were too remote in point of time to be considered as of the *res gestœ,* and they were, therefore, not competent upon that ground. Nor do we think they are competent upon the ground that they were declarations against the interest of the party by whom they were made, inasmuch as so far as his interest was concerned it was immaterial whether the transfer of the money and property was by way of a gift or advancement. We think the question under consideration must be regarded as settled by the decision in the case of *Harness* v. *Harness,* 49 Ind. 384.

In the case referred to the earlier cases of *Woolery* v. *Woolery,* 29 Ind. 249, and *Hamlyn* v. *Nesbit,* 87 Ind. 284, were expressly overruled in so far as they were opposed

to the doctrine declared by the court. The case of *Harness* v. *Harness, supra*, was approved in *Joyce* v. *Hamilton*, 111 Ind. 163 (167), and a distinction adjudged to exist between declarations of the ancestor made before the transaction and declarations subsequently made. We feel bound to yield to these decisions.

The trial court did not commit any material error in refusing to permit the appellants to prove that John Thistlewaite purchased the land which was the basis of the accumulations that enabled him to make the advancements to his children with money received from his first wife, the mother of the appellants. The introduction of such evidence in this instance would, in view of its remoteness as to time and its indirection as to the main question, have led into a collateral investigation not competent under the issues.

The appellees were allowed to examine Harriet Cox, one of the parties to the action, and a daughter of John Thistlewaite. We are inclined to agree with appellants' counsel that she was not a competent witness against any of those to whom money had been paid or property conveyed except herself, but she was undoubtedly competent to testify as against herself, although her testimony embraced conversations with her deceased father. If she elected to testify as against herself, the other parties had no cause of complaint. Their right was to have a specific and clear instruction directing the jury that her testimony was not competent against them. Where evidence is competent against one party and not against others, the proper practice is to ask an instruction limiting the evidence to the parties against whom it is admissible. Had such an instruction been asked and refused it would have been prejudicial error. See authorities cited in Elliott's Appellate Procedure, section 774.

We can not agree that the verdict is so clearly unsupported by evidence as to require a reversal. We are, in-

deed, inclined to the opinion that as the presumption is that the transfers by the ancestor were advancements, any other conclusion than that reached by the jury would have been radically wrong.

Judgment affirmed.

Filed Oct. 7, 1892