ROESNER ET AL. *v.* AMERICAN CAR AND FOUNDRY COMPANY.

[No. 15,314. Filed January 18, 1937. Rehearing denied June 26, 1937. Transfer denied October 6, 1937.]

*Joseph T. Markey* and *Kammins & Kroot*, for appellants.

*Ryan & Ruckelshaus* and *Piety & Piety*, for appellee.

CURTIS, J.—This was an action by the appellee against the appellants on *quantum meruit* for the reasonable

value of certain truck and trailer bodies and certain repairs furnished by the appellee to the appellants at the special instance and request of the appellants. With the complaint was filed exhibit "A," which itemized the account as follows:

"(EXHIBIT A)

CHARLES ROESNER, doing business under the registered firm name and style of CENTRAL TRANSFER & STORAGE COMPANY,

CENTRAL TRANSFER & STORAGE COMPANY,
INCORPORATED,
— to —
AMERICAN CAR & FOUNDRY COMPANY

1930.

Oct. 3—To one (1) closed body for International A-4 truck chassis—Invoice dated October 3, 1930............................................$340.00

1931.

Feb. 27—To one (1) enclosed trailer body No. 464—Invoice No. 6154 dated April 30, 1931 ......................................................$390.00

Mar. 11—To one (1) stake trailer body No. 474—Invoice No. 6154 dated April 30, 1931 ......................................................$235.00

Mar. 27—To one (1) closed truck body No. 471 trailer—Invoice No. 6154, dated April 30, 1931 ......................................................$474.00

June 8—To repairs on trailer—Invoice No. 6094, dated June 8, 1931............................$190.00

Sept. 16—To one (1) closed trailer body—Invoice No. 6087 dated January 15, 1932..$474.00

|  |  |
|---|---|
|  | $2,103.00 |
| Less credits | $1,150.00 |
| Balance due and unpaid | $ 953.00" |

To the complaint the appellants filed first a general denial; second a plea of payment; and in third and fourth paragraphs of answer it was alleged that the appellee was guilty of a breach of implied warranty as to the first item of exhibit "A" and that the appellee ought not to recover thereon.

The cause was submitted to the court for trial without a jury resulting in a finding for the appellee and against the appellants in the sum of $613.00 upon which finding a judgment was rendered. The finding of the court was as follows: "Come again the parties by counsel and the court having heretofore heard the evidence in this cause and having taken the same under advisement now finds for the defendant on its third paragraph of answer and against the defendant on its first, second, and fourth paragraphs of answer and that the plaintiff is entitled to recover of and from the defendant the sum of $613.00 and the costs therein." The appellee has not assigned cross-error as to the court's finding against it as to item one of the account.

It will be observed that the court found that the account which the appellee sued upon as shown by exhibit "A" was correct except as to the first item and that the court deducted the amount of the first item to wit: $340.00, from the account as claimed by the appellee in said exhibit "A" and rendered judgment for the appellee for the remaining part of the account, to wit: for a balance of $613.00. The appellants in due time filed a motion for a new trial which was overruled with an exception reserved and this appeal thereafter prosecuted. The first four causes or grounds of the motion for a new trial may be grouped as follows: that the finding and decision of the court is not sustained by sufficient evidence and is contrary to law and that the amount of the recovery is too large.

Causes five and six of the motion are as follows: (5) "Error of law occurring at trial in this that the court erred in excluding the following evidence offered by appellants, to wit: exhibit number one, which was an exact carbon copy of the original order made by a representative of appellee for purchase or construction of items in exhibit A of complaint. Cause (6) "error of

law occurring at trial in this, that the court erred in excluding part of answer of Elmer Roesner, witness of appellants, on direct examination, which part is as follows: 'And that is a carbon there of what I gave Mr. McCullough.' " Causes seven, eight, ten, and eleven of the motion are expressly waived by the appellants in their brief. Cause 9 of the motion is as follows: (9) "Error of law occurring at trial in this, that court erred in permitting the appellee to ask and witness McCullough to answer the following question: Q. Directing your attention to exhibit 'A' of complaint, is any body set out in that itemized statement built on a trailer such as Roesner showed you on that occasion? A. No."

It was the appellant's contention that as a part of the account sued upon there were three trailer bodies which were built in accordance with and under the terms of a written order which the appellants claim to have given to the appellee for the sum of $275.00 each, a carbon copy of which order the court refused to admit into evidence. This ruling of the court was the basis of causes five and six of the motion which has heretofore been set out. The appellee contends that there is no error presented to this court by the said two causes by reason of the failure of the appellants to bring them properly before the trial court and this court in the motion for a new trial. While we think the appellee is correct in its contention by reason of the fact that the said specifications in the motion are too meager and by reason of the further fact that there was almost a complete misdescription of the exhibit in the said cause number five, the language of said cause referring to an alleged order made by a representative of the appellee, whereas the exhibit itself showed that it was made by the appellants and not by the appellee. We have, however, examined the record which the appellants attempt to bring before us in respect to the

two said causes in the motion. The evidence of the appellee was clear and plain to the effect that none of the items sued upon were made and furnished under the exhibit relied upon by the appellants but that the items sued on were based on oral orders in each instance separate and apart and with no relation whatever to the exhibit relied upon by the appellants. The appellee's witnesses did admit that a written order was given to the appellee by the appellants which was dated February 9, 1931, but they testified that none of the items were furnished under that order. This evidence was given without objection. If it should, therefore, be conceded that proper specifications in the motion for a new trial were made to present the question, yet we do not believe that prejudicial error was committed by the trial court in refusing to admit the exhibit. The fact that the appellants gave the appellee a written order as shown in the exhibit was admitted to be true by the appellee but as heretofore pointed out the contention of the appellee was that none of the items for which suit was brought were furnished under the terms of the said exhibit. The trial court adopted the appellee's view. See *Wright* v. *Fansler* (1883), 90 Ind. 492-494.

The cause was tried before the court and we see no error in the action of the trial court complained of in cause number nine of the motion that properly would be the basis for reversal. One of the questions before the court for determination was whether or not the appellants ordered the items mentioned in exhibit "A" from the appellee upon oral orders as testified to by the appellee's witnesses. The court decided that question adversely to the appellants upon the direct and positive evidence of the appellee's witnesses. Even if it should be conceded (which we do not concede) that the court erred in connection with the

ruling complained of in cause number nine of the motion, yet at most the evidence adduced by the testimony of the witness in answer to the question would be cumulative only in nature, and there was an abundance of evidence upon which the court's finding could be reached without a consideration of this evidence.

If the trial court believed the evidence of the appellee's witnesses, which it evidently did, and which it had a right to believe, then the amount of the recovery in this case was not too large. As we view the record there is also an abundance of evidence to sustain the decision of the court and we find nothing that convinces us that the decision is contrary to law.

Judgment affirmed.