ROCOFF ET UX. D/B/A BATCHELOR HOTEL ET AL. *v.*
LANCELLA AND HARLOW, GUARDIAN.

[No. 20599. Filed October 14, 1969. Rehearing denied November 18, 1969,
Transfer denied April 6, 1970.]

George H. Dragus, of Hammond, and Bredell, Martin & McTurnan, and Lawrence McTurnan, of Indianapolis, for appellants.

Saul I. Ruman, of Hammond, for appellees.

COOPER, J.—This is an appeal from the LaPorte Circuit Court wherein the plaintiff-appellee filed a complaint against the appellants for damages for alleged personal injuries sustained by him while he was a registered, paying guest in a hotel owned and operated by the appellants.

The appellee's complaint alleged, in substance, that the appellee was a paying guest of the Batchelor Hotel which was owned by the appellants; that for a long time the hotel guests

had commonly used a stairway to reach the roof of the hotel to take sun baths and to enjoy fresh air; that on July 24, 1959, the plaintiff, intending to go to the roof for sunshine and fresh air, proceeded to climb the stairs which led to the roof; upon reaching the second step from the top, the step broke and collapsed, causing the plaintiff to fall to the floor below; that the plaintiff was seriously and permanently injured in that he received severe injuries to his head, neck and back.

The complaint alleged that the appellants were negligent in six particulars, to-wit: (1) Careless and negligent erection and maintenance of the stairway; (2) carelessly and negligently permitting the stairway to become dangerous and unsafe, weatherbeaten, rotten and insecure; (3) that appellants knew or should have known of the dangerous condition of the stairway; (4) failure to reconstruct or repair the stairway to a reasonably safe condition; (5) failure to make a reasonable inspection of the stairway; and (6) failure to post any warning signs that the stairway was in a dangerous and unsafe condition.

The appellants filed an answer in compliance with Rule 1-3 of the Rules of the Supreme Court of Indiana. The cause thus being at issue, trial was had to a jury which returned a verdict for the plaintiff in the sum of $23,700, and judgment was entered thereon. Thereafter, the appellants filed a motion for new trial which was overruled and this appeal followed.

The appellants' assigned error on appeal is that the trial court erred in overruling the appellants' motion for a new trial.

The first cause for a new trial discussed in the appellants' brief is that the "Verdict of the jury is not sustained by sufficient evidence."

The general rule concerning such cause for a new trial is, that in reviewing the evidence to determine its sufficiency, the

Appellate Court will look only to that evidence most favorable to the appellee and the reasonable inferences to be drawn therefrom. *Butler* v. *Forker* (1966), 139 Ind. App. 602, 221 N. E. 2d 570, 575; *Isenhour* v. *Speece, Admr., et al.* (1958), 238 Ind. 293, 296, 150 N. E. 2d 749.

In addition, when the sufficiency of the evidence is questioned on appeal, this court does not weigh the evidence, but reviews the record to see if there is any evidence, or any reasonable or logical inferences which may be drawn therefrom, which, if believed by the jury, would sustain the verdict. *Gamble et al.* v. *Lewis* (1949), 227 Ind. 455, 460, 85 N. E. 2d 629; *Indiana Ins. Co.* v. *Handlon* (1940), 216 Ind. 442, 24 N. E. 2d 1003.

Appellants contend, in substance, that the plaintiff was not a guest of the Batchelor Hotel, but rather was a tenant, because he had lived in the same room and had paid $30.00 per month for rent for a period of two years prior to the date of the injury.

After reviewing the testimony contained in the record, we cannot agree with this contention. The evidence in this cause concerning whether the plaintiff was a paying guest or a tenant in the hotel was conflicting. The evidence shows that the hotel building displayed an exterior sign bearing the inscription "HOTEL." In addition, the Batchelor Hotel maintained a guest register book, and provided maid service for the entire building.

In the case of *Buck* v. *Del City Apartments, Inc.* (1967) (Okla.), 431 P. 2d 360, 363, the Oklahoma Supreme Court was presented with a similar question, wherein that Court stated:

"The chief distinction between a tenant and an innkeeper's guest lies in the element of possession. A tenant is deemed to have exclusive legal possession of the demised premises and stands responsible for their care and condition. A guest, on the other hand, has

merely a right to the use of the premises while the innkeeper retains his control over them, is responsible for the necessary care and attention and retains the right of access for such purposes. Modern law tends to regard as a guest anyone who is a patron of the inn as such, and receives the same treatment as that accorded to short-term guests. *Leon v. Kitchen Bros. Hotel Co.*, 134 Neb. 137, 277 N. W. 823, 115 A.L.R. 1078; *Cottmire v. 181 East Lake Shore Drive Hotel Corp.*, 330 Ill. App. 549, 71 N. E. 2d 823; See Tenant, Lodger and Guest, 64 Yale L.J. 391, 396."

See also, 145 A.L.R. 633, and authorities cited therein.

The Court then continued by setting out certain characteristics used to distinguish a guest from a tenant as follows:

"The status of a patron upon the premises as a tenant or as a guest is to be determined, inter alia, from the terms of the contract between the parties; the character of the premises; the nature of the business operated upon them; the extent of the control or supervision maintained by the proprietor or possessor over the premises; the manner the premises are operated; the character of the part occupied by the patron; and the character of use to which the premises are generally adapted and devoted. *Marden v. Radford*, 229 Mo. App. 789, 84 S. W. 2d 947.

"The operation and management of the property as a motel under a license from the state and its advertising as a motel by the display of a highway sign afford a proper basis for the inference that the patron of the establishment is a guest. *Marden v. Radford, supra.* One who maintains a motel for the purpose of furnishing lodging accommodations to the public sustains to his occupants the relation of innkeeper. *Crockett v. Troyk*, Tex. Civ. App., 78 S. W. 2d 1012. 29 Am. Jur., *Innkeepers*, Sec. 28, p. 26.

"*Neither the length of the stay nor the fact that payment for the accommodation is made at a fixed rate per week rather than per day and that for the time the hotel may be the patron's only home precludes him from occupying the status of a guest in relation to the hotel establishment.* *Levesque v. Columbia Hotel*, 141 Me. 393, 44 A. 2d 728; *Driskill Hotel Co. v. Anderson*, Tex Civ. App, 19 S. W. 2d 216; *Hart v. Mills Hotel Trust*, 144 Misc. 121, 258 N.Y.S. 417; 29 Am. Jur., *Innkeepers*, Sec. 21, p. 21." (Emphasis ours.)

Because the evidence is conflicting concerning whether the plaintiff was a tenant or a guest upon the premises of the Batchelor Hotel at the time of the occurrence of the accident, we cannot search the record, nor weigh the evidence, but we are bound by the jury's verdict. *Neel* v. *Cass County Fair Association* (1968), 143 Ind. App. 339, 240 N. E. 2d 546; *R. B. Tyler Co.* v. *White* (1967), 142 Ind. App. 454, 230 N. E. 2d 792.

The appellants contend in the argument portion of their brief, that the form of the judgment rendered in the trial court is incorrect. Since this error was not properly presented to the trial court for its ruling, and the appellants failed to set out such error in the assignment of errors, that alleged error is waived.

In the case of *Diane Co. Inc., etc., et al.* v. *Beebe* (1960), 131 Ind. App. 161, 170, 145 N. E. 2d 20, the Court stated:

". . . It has been stated many times by the courts of our state that the form or substance of a judgment cannot first be questioned in the Appellate or Supreme Court, but the question must first be presented to the court below by motion to modify. A ruling against the party asking such correction may be assigned as error in the Appellate or Supreme Court. *Jackson* v. *State* (1953), 232 Ind. 453, 465, 112 N. E. 2d 433; *Kenny* v. *King* (1932), 94 Ind. App. 344, 346, 180 N. E. 871."

The next assigned error of the appellants' motion for a new trial discussed in the argument portion of their brief, is that the verdict of the jury is contrary to law. Under this assignment, we may consider only the evidence most favorable to the appellee, and it is only where the evidence is without conflict and can lead to but one conclusion, and the trial court or jury has reached an opposite conclusion, that the decision of the trial court or jury will be set aside as being contrary to law. *Pokraka, et al.* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669; *Hinds, Executor of the Estate of Sickles, Deceased, etc.* v. *McNair, et al.* (1955), 235 Ind. 34, 129 N. E. 2d 553.

In the case of *Olson* v. *Kushner* (1965), 138 Ind. App. 73, 211 N. E. 2d 620, at page 74, this Court said:

"The duty owed by a person who owns land, or is in charge of the premises, to a person on such premises depends largely on the relationship between such occupier of the land and the person injured thereon. *Standard Oil Co. of Ind., Inc.* v. *Scoville* (1961), 132 Ind. App. 521, 524, 175 N. E. 2d 711. (Transfer denied).

"While there are many decisions, both in this state and elsewhere, in which the rules applicable to cases of this character have been applied, the courts have been governed by the particular facts in each case in determining what rule should be applied, the essential question in each case being, 'did the owner of the premises (under the particular circumstances of the case involved) owe any duty to the party injured on his premises, and, if so, was such duty violated, and did such violation result in the injury complained of?' *Brush* v. *Public Service Co. of Indiana* (1939), 106 Ind. App. 554, at pages 560-561, 21 N. E. 2d 83."

Innkeepers are not insurers of the safety of their guests, but they must exercise ordinary or reasonable care for the safety of their guests. We are of the opinion that the degree of care to which a hotel guest is entitled is the same as that of business invitees. *Buck* v. *Del City Apartments, Inc., supra; Standard Oil Co. of Ind.* v. *Scoville* (1961), 132 Ind. App. 521, 524, 525, 175 N. E. 2d 711; 29 Am. Jur., *Innkeepers,* Sec. 57, pp. 45, 46.

The appellants allege in their motion for a new trial, that the verdict of the jury was contrary to law because the appellee was guilty of contributory negligence, that he had assumed the risk of his injury, and therefore was not entitled to recover. The record reveals that inside the Batchelor Hotel, an office was separated from the area used for ingress and egress, and this office was reserved for Theodore Rocoff. Inside this office was a doorway which led to an airwell between the interwalls of the building where the stairway on which the plaintiff fell was located. The only entrance to this area was through the doorway, or through some windows of rooms

in the hotel which opened onto the airwell. In 1955, Theodore Rocoff caused this stairway to be built out of used lumber which extended from the floor of the airwell to the roof of the hotel, and which was about 12 feet high. The stairway was fastened with nails at the top and the bottom. This stairway was the only way to get to the roof.

The record further reveals that since 1955, the stairway had never been repaired, serviced, tested or examined, except when Theodore Rocoff removed the top step. At the time of the accident of which the plaintiff herein complains, several of the steps were weatherbeaten, rotten, and none of the steps was painted, or protected by a preservative. It appears that other occupants of the hotel regularly used the stairway to go to the roof for sunbathing and fresh air, and that on the day of the accident herein complained of, there were people on the roof of the hotel sunbathing.

Nothing was ever said to the appellee to suggest that he should not use the stairway up to the roof. On the contrary, the undisputed testimony reveals that the appellant Theodore Rocoff told the appellee to use the roof for sunbathing, and only two days before the accident, he had taken the appellee to the roof and showed him the mattress, tables and chairs that had been placed on the roof to be used by the occupants of the hotel for sunbathing purposes.

Both our Supreme Court and this Court have, in many cases, stated the rule that the question of contributory negligence is one of fact for the jury to determine when the evidence on point is in dispute, or is conflicting, or is such that reasonable men could fairly draw different inferences from undisputed facts. *National Dairy Products Corp.* v. *Grant* (1968), 143 Ind. App. 464, 241 N. E. 2d 275, 277, 278; *New York Central Railway Co.* v. *Milhiser* (1952), 231 Ind. 180, 190, 106 N. E. 2d 453, 108 N. E. 2d 57; *Larkins* v. *Kohlmeyer* (1950), 229 Ind. 391, 395, 98 N. E. 2d 896; *Gamble, et al.* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629; *Pennsylvania Railroad Co., et al.* v. *Mink* (1966), 138 Ind.

App. 311, 212 N. E. 2d 784, 787; *Leppert Bus Lines, Inc.* v. *Rayborn* (1962), 133 Ind. App. 325, 331, 182 N. E. 2d 260.

It is only in cases where the facts are undisputed and but a single inference can be drawn therefrom, that this Court can say, as a matter of law, that the course of conduct shown constitutes contributory negligence. *New York Central R.R. Co.* v. *Milhiser, supra.* A review of the record most favorable to the appellee reveals that evidence which would tend to show that he was contributorily negligent was controverted and conflicting. Because of this conflict in the evidence, we cannot say, as a matter of law, that the appellee was guilty of contributory negligence. That question was for the jury, and from the evidence presented, the jury made its determination that the appellee was not guilty of contributory negligence.

We have reviewed the appellants' argument that the appellee assumed the risk of his injury and find it without merit. Since the evidence was conflicting on this point, we cannot disturb the finding of the jury. *Ridgway* v. *Yenny; Ridgway* v. *Lombardo* (1944), 223 Ind. 16, 22, 23, 57 N. E. 2d 581.

Cause numbered 5A of the appellants' motion for a new trial is as follows:

"Error of law occuring at the trial as follows:

"A. The Court erred in overruling the objections of the defendants to the plaintiff's following question propounded by the plaintiff during the direct examination of Joseph Mesich, a witness called on behalf of the plaintiff, and in admitting his answer thereto in evidence, which question, objection, answer, and the ruling of the Court thereon are in the following words:

"Plaintiff's Witness:
"Joseph Mesich, Police Officer

Direct Examination by Attorney Ruman.

"Q. When you got to the place and went upstairs, did you go up alone?

"A. Officer Parkus and me went together.

"Q. Did you indicate already you saw someone lying on the floor you knew?

"A. I recognized right away who it was—it was Roy.

"Q. Tell us, in general, what his condition appeared to be.

"A. First look at him he was unconscious—didn't move a muscle. He was pale in color, so we called for an ambulance right away.

"Q. Did you talk to anyone at the scene at that time?

"A. I talked to a few fellows—asked what happened.

"MR. DRAGUS: Object to any conversation unless in the presence of the defendant.

"THE COURT: Objection sustained.

"MR. RUMAN: Your honor, on this question, could we be heard . . .

"Q. Let me ask, do you have a recollection as to whether any of the defendants were there at that time, any of the three Rocoffs?

"A. No, they were not.

"Q. Can you recall if the maid was there?

"A. She was.

"THE COURT: Do you want the jury excused?

"MR. RUMAN: I feel, perhaps, we should take a minute to present to the Court . . .

"THE COURT: Please, gentlemen of the jury, you are now excused with the bailiff.

Out of the presence of the jury there was some argument, then

"THE COURT: I am going to permit the witness to answer.

"MR. DRAGUS: The defendant objects to the question propounded as to a statement of a bystander on the following grounds: That a bystander's statement is not part of the Res Gestae, which is admissible in evidence under Indiana law, and the bystander rendering such statement as would be testified hereto is an unknown individual. On the further ground that the defendant does not have an opportunity to cross examine any bystander making such statements. This objection shall be known as Objection 'X' for further reference.

"Q. Officer, getting back to when you went to the scene after the call, approximately to your best estimate how long would the time have been for you to get to the scene?

"A. It would take less than five minutes. We have a small district we work in.

"Q. When you got upstairs, you indicated Roy Lancella was lying on the floor. Had anyone called an ambulance at that time?

"A. No. We called an ambulance after we arrived.

"Q. Could you describe the reaction of the people there to the situation in terms of what you observed, more particularly, was the attitude of the people upset, calm, or some excitement?

"MR. DRAGUS: Object to that, your Honor, on the ground, first of all, until it is determined people were there, how many people were there, this would be in addition to Objection 'X.'

"THE COURT: Objection sustained.

"Q. Were there people there when you got upstairs?

"A. Yes, there were fellows standing around in the hallway.

"Q. When you say 'in the hallway' — where was that with relation to where Lancella was lying?

"A. Just south of the window. There's a hallway in the building like a lobby.

"Q. Could you see Roy Lancella?

"A. Yes, you could.

"Q. Was anyone near him, can you remember?

"A. No one in the stairwell at the time, no.

"Q. Other than the fellows standing around, was anyone else standing around?

"A. Yes, the maid was there.

"Q. Can you remember how many fellows were standing around?

"A. I say four or five fellows.

"Q. When you and Officer Parkus got there, what is the first thing you did?

"A. Took a look at Roy to see what condition he was in.

"Q. Say anything to each other?

"A. I asked what happened of the fellows standing around. This one fellow said he was up on the roof . . .

"MR. DRAGUS: Objection on the ground stated in Objection 'X.'

"THE COURT: Objection overruled.

"A. This fellow said he was on the roof sunbathing. He heard someone coming up the stairs. He glanced toward the stairs and he saw Roy, the upper part, appear over the roof. The next thing he heard a thud, Roy disappeared. He walked over to the stairway and he saw Roy laying on the floor.

"Q. How was this man dressed?

"A. Bare from the waist up.

"Q. Did you know who this person was?

"A. I knew he was a tenant at the hotel. I have seen him on previous occasions."

In the case of *Cauldwell, Inc., et al.* v. *Patterson* (1961), 133 Ind. App. 138, at page 154, 177 N. E. 2d 490, the Court stated:

"The admissibility of evidence under the res gestae doctrine is a matter within the discretion of the trial court. *Kelley* v. *Dickerson* (1938), 213 Ind. 624, 13 N. E. 2d 535. When admitting or refusing such evidence, the trial court should take into account the particular facts of the particular case. *Lake Erie etc. R. Co.* v. *Scott, Admx.* (1925), 83 Ind. App. 357, 147 N. E. 315.

"It appears that a satisfactory definition of what evidence constitutes a part of the res gestae has never been produced. The greatest area of uncertainty involves the element of time. The statement cannot be a narration of past events but must be based largely upon spontaneous utterances made at the time of an accident, or occurrence, or transaction. *Kelley* v. *Dickerson, supra.* See also 'past events,' *Binns* v. *The State* (1877), 57 Ind. 46; *Morehouse et al.* v. *Heath* (1885), 99 Ind. 509; *Brown* v. *Freudenberg* (1938), 106 Ind. App. 692, 17 N. E. 2d 865.

"We think the length of time that has elapsed from the time of the accident and the place where the statement is made, materially affects the spontaneity established by the rule. *Indianapolis St. R. Co.* v. *Taylor* (1905), 164 Ind. 155, 72 N. E. 1045; *Montgomery* v. *Pierson* (1924), 195 Ind. 475, 145 N. E. 771; *Thistlewaite et al.* v. *Thistlewaite, et al.* (1892), 132 Ind. 355, 31 N. E. 946. When a lapse of time intervened between the accident and a statement, it must be

so interwoven with the principal fact that it cannot be separated and hence becomes a part of the res gestae. *Mitchell* v. *Colglazier, et al.* (1886), 106 Ind. 464, 7 N. E. 199; *Louisville, New Albany and Chicago Railway Co.* v. *Buck, Adm'r* (1888), 116 Ind. 566, 19 N. E. 453."

See also *Kreuger* v. *Newman* (1958), 129 Ind. App. 300, 308, 154 N. E. 2d 741.

An examination of all the evidence in the record reveals that this evidence was merely cumulative. We are therefore of the opinion that it was not prejudicial to the appellants and the trial court's rulings on the objections thereto did not constitute reversible error. The fact that one of the top steps broke on the staircase under the weight of the appellee was introduced into evidence by testimony from the appellee himself. Two officers who were present at the scene of the accident testified that they observed the step was broken near the top of the stairway.

In the case of *Hook* v. *Dorsam, Admrx.* (1964), 135 Ind. App. 626, at page 630, 196 N. E. 2d 416, at page 418, the Court stated:

"We think, therefore, that the evidence in question was merely cumulative and the error, if any, was harmless. The admission of improper evidence is harmless when the fact thereby sought to be shown is established by other evidence which is competent. *Bercot* v. *Velkoff* (1941), 111 Ind. App. 323, 41 N. E. 2d 686; *Roesner* v. *American Car & Foundry Co.* (1937), 104 Ind. App. 55, 5 N. E. 2d 688. See also *Ft. Wayne Transit Inc.* v. *Shomo* (1957), 127 Ind. App. 542, 143 N. E. 2d 431; *Chrysler Corp.* v. *Bolser* (1936), 102 Ind. App. 310, 200 N. E. 417."

See also *Pub. Ser. Co. of Ind. Inc.* v. *Levenstein Bros. Etc.* (1964), 246 Ind. 520, 524, 207 N. E. 2d 202; *American Employee's Ins. Co.* v. *Cornell* (1947), 225 Ind. 559, 576, 76 N. E. 2d 562.

The next cause for a new trial discussed in the argument portion of the appellants' brief, is that the trial court erred in refusing to give to the jury the defendants' instructions numbered 1, 2, 4, 6, 10 and 22.

Appellants' instruction number 1, concerning the duty of an innkeeper was substantially covered in the Court's instruction number 2, which read as follows:

"You are instructed that a Hotel owes a duty at all times, to maintain the premises in a reasonably safe condition for the use of a guest.

"A hotel guest has the right to rely on the sufficiency of a structure or contrivance such as is in common use.

"The duty of the proprietor of a hotel to keep the premises in a safe condition is personal and cannot be delegated.

"The duty extends to all those parts of the premises to which a guest may be reasonably expected to go or to be found."

The trial court did not err in refusing to give appellants' tendered instruction when its subject matter was substantially covered by other instructions which were given. See: *Greenwalt* v. *State* (1965), 246 Ind. 608, 209 N. E. 2d 254; *Byrd* v. *State* (1965), 246 Ind. 255, 204 N. E. 2d 651.

Similarly, appellants' instruction number 2, which concerned the assumption of risk, was substantially covered in the Court's instructions numbered 6 and 17, which are as follows:

### INSTRUCTION NO. 6

"The Court further instructs you that a guest in a hotel has the duty of exercising due care for his own safety."

### INSTRUCTION NO. 17

"The plaintiff may recover from any defendant if he proves, as against that defendant, by the greater weight of the evidence, and under the instructions of the Court, each and all of the following elements:

"First. That the plaintiff, just before, and at the time of the occurrence in question, was using reasonable care for his own safety;

"Second. That such defendant was guilty of one or more of the negligent acts or negligent omissions charged in the plaintiff's complaint, and that such acts or omissions if any, were a proximate cause of the occurrence in question;

"Third. That the plaintiff sustained the injuries (or, damage), or some portion thereof, if any, charged in the plaintiff's complaint, and that they were proximately caused by such negligence, if any, of such defendant.

"If the plaintiff fails to prove any one of the foregoing elements by the greater weight of the evidence, he cannot recover."

We are of the opinion that the jury was fully and fairly instructed on these elements, and the trial court did not commit reversible error in refusing the defendants' tendered instructions numbered 1 and 2. *Greenwalt* v. *State, supra; Byrd* v. *State, supra.*

The defendants' tendered instruction numbered 4 concerned the duty owed to a trespasser in an innkeeper-guest relationship. We are of the opinion however, that such an instruction was not within the issues framed by the pleadings and the evidence adduced at the trial, and that the instruction was therefore properly refused. *Gurczak* v. *Hutter* (1963), 136 Ind. App. 156, 188 N. E. 2d 549; *New York, C. & St. L. R.R. Co.* v. *Merchants National Bank* (1960), 130 Ind. App. 638, 656, 165 N. E. 2d 382; *Chicago & E. I. R.R. Co.* v. *Alexander* (1955), 126 Ind. 75, 79, 125 N. E. 2d 171.

The defendants' tendered instruction numbered 6 pertained to contributory negligence. This subject was fully covered in the Court's instructions numbered 9 and 19, and therefore no error was committed by the refusal of the trial court to give this instruction. *Greenwalt* v. *State, supra.*

We have reviewed defendants' tendered instructions numbered 10 and 22. Number 10 concerns the liability of an owner of premises in merely acquiescing to the use of certain parts of the premises, and number 22 concerns the duty owed by owner of premises to a licensee. Neither of these instructions conform to the evidence adduced at the trial, and they were therefore properly refused.

From a consideration of all of the instructions given in this cause, it appears to us that a fair trial was had, the jury fully

and fairly instructed, and that a just result was reached under the evidence presented at the trial and the law applicable thereto. *Carter* v. *Aetna Life Ins. Co.* (1940), 217 Ind. 282, 27 N. E. 2d 75; *Indianapolis Traction etc., Co.* v. *Thornburg* (1920), 74 Ind. App. 642, 125 N. E. 57; *State* v. *Coridan* (1943), 221 Ind. 404, 47 N. E. 2d 978.

Appellants' causes for a new trial numbered 1, 2, and 5B, are waived, since they were not argued in the argument portion of the appellants' brief as required by Rule 2-17 (i) of the Rules of the Supreme Court of Indiana.

For all of the above and foregoing reasons, we are of the opinion that the judgment of the trial court for the plaintiff-appellee should be affirmed.

Judgment affirmed. Costs taxed against appellants.

Lowdermilk, P.J., Carson, J., concur; Sullivan, J., not participating.

NOTE.—Reported in 251 N. E. 2d 582.