Kevin ELLIS, Appellant
(Plaintiff Below),

v.

LUXBURY HOTELS, INC., Appellee
(Defendant Below),

and

Michael Wallin, Appellee (Third–
Party Defendant).

No. 01S02–9909–CV–485.

Supreme Court of Indiana.

Sept. 17, 1999.

Robert Owen Vegeler, Beers, Mallers, Backs & Salin, Fort Wayne, Indiana, Attorney for Appellant.

John Lisher, Osborn Hiner & Lisher, Indianapolis, Indiana, Attorney for Appellee.

## ON CIVIL PETITION
## FOR TRANSFER

SELBY, J.

Kevin Ellis ("Ellis") brought a negligence action against Luxbury Hotels ("Luxbury") seeking damages for personal injuries he sustained while he was visiting a guest at Luxbury. Ellis claimed, among other things, that Luxbury's negligence caused his injuries.[1] In his claim, Ellis alleged that Luxbury owed him a duty, that Luxbury breached that duty, and that the breach resulted in his injuries. Luxbury sought summary judgment. The trial court granted summary judgment for Luxbury and the Court of Appeals affirmed on all counts. See Ellis v. Luxbury Hotels, Inc., 666 N.E.2d 1262 (Ind.Ct.App. 1996). Ellis petitioned for transfer to this Court. We now grant transfer to address the premises liability issue of whether a landowner/invitor has a duty to provide its invitees reasonable protection from the foreseeable criminal acts of third parties. We hold that the trial court properly granted summary judgment.

## FACTS

On December 15, 1989 in Fort Wayne, Indiana, a woman named C.W. registered as a guest at a hotel owned and operated by Luxbury Hotels, Inc. Sometime thereafter, Ellis visited the woman, at her invitation, in her room at the hotel. In the early morning of December 16, 1989, a man came into the lobby and represented himself to the desk clerk as the brother of C.W. He told the desk clerk that his sister was a guest of the hotel and that she had called for his help because of car trouble. The man was, in fact, C.W.'s husband. He did not act unusually or give any indication that he would become violent. C.W.'s husband asked for, and the desk clerk gave him, C.W.'s room number. C.W.'s husband went to C.W.'s room, forced his way in, and assaulted Ellis.

## DISCUSSION

 The issue in this case revolves around whether Luxbury owed the plaintiff a duty to take reasonable care to protect plaintiff from the foreseeable criminal acts of this third party. There is not much dispute that a hotel guest is at least the equivalent of a business invitee and, as such, is entitled to a duty of reasonable care for the guest's safety. See Rocoff v. Lancella, 145 Ind.App. 440, 251 N.E.2d 582, 585 (1969). In this case, however, the injury was to the guest of a guest. We are unable to find any Indiana cases concerning the duty owed by a hotel to the guest of a guest. While it is unnecessary for the resolution of this case, we can reason by analogy from cases dealing with the duty a landlord owes to a guest of a tenant. Indiana courts have held numerous times that a "landlord owes his tenants' social guests the same duty as the landlord owes his tenants." Dickison v. Hargitt, 611 N.E.2d 691, 694 (Ind.Ct.App.1993); see Slusher v. State, 437 N.E.2d 97, 99 (Ind.Ct. App.1982). Thus, we will assume, without deciding, that Ellis was entitled to a duty of reasonable care for his safety.

 Assuming that Ellis is an invitee, the issue is whether Luxbury owed Ellis a duty to take reasonable care to protect against this third party criminal attack. The Court answers this question by asking whether the totality of the circumstances demonstrates that the crime in question was reasonably foreseeable. As explained in Delta Tau Delta v. Johnson, in determining whether the totality of the circumstances supports the imposition of a duty, a court must look to "all of the circum-

---

1. The complaint alleged breach of the duty to protect from the criminal acts of a third party, breach of privacy rights, and breach of contract. The record is not entirely clear as to what issues were disposed of by the trial court on summary judgment. Although the parties treat the issues as though all counts of the complaint were ruled on by the trial court, it seems to us that Luxbury's motion for summary judgment was confined to the premises liability issue.

stances surrounding an event, including the nature, condition, and location of the land, as well as prior similar incidents, to determine whether a criminal act was foreseeable." 712 N.E.2d 968, 972 (Ind.1999). "A substantial factor in the determination of duty is the number, nature, and location of prior similar incidents, but the lack of prior similar incidents will not preclude a claim where the landowner knew or should have known that the criminal act was foreseeable." *Id.* at 973. When reviewing the evidence, courts must be mindful that landowners have no duty to insure invitee's safety, but to take reasonable precautions to prevent foreseeable criminal acts against invitees. *Id.*[2]

■ The record provides insufficient evidence for us to hold that Luxbury owed Ellis a duty to protect him from this unforeseeable criminal act. There is no evidence of any prior incidents or other circumstances that would have alerted Luxbury to the resulting criminal act. Indeed, the record shows that an employee of the hotel who had worked at the hotel since it opened testified that she was unaware of any similar incidents. Ellis has provided no evidence otherwise. In order to rule in Ellis's favor, we would have to hold that a landowner/invitor has an absolute duty to take reasonable care for the protection of its guests—in effect to be an insurer of the guests' safety. This we are unwilling to do. We hold that Luxbury did not have a duty, based on a premises liability theory, to protect Ellis from this unforeseeable criminal act.

**2.** Justice Boehm, in his dissent, believes that an innkeeper does have an affirmative duty not to disclose a guest's room number as one of the reasonable steps necessary to preserve a guest's (and a guest's guest's) safety, and that the question in this case is whether this duty was breached. We have found no authority that stands for the proposition that an innkeeper has an affirmative duty not to disclose a guest's room number to third parties, although in some cases courts have found that an innkeeper owes a duty to their guests to prevent third parties from *gaining access* to a guest's room. *See, e.g., Thetford v. City of*

## CONCLUSION

We affirm the trial court's grant of summary judgment with respect to Ellis's negligence claim. We also summarily affirm the Court of Appeals' decision with respect to all other issues raised on appeal.

SHEPARD, C.J., and DICKSON, J. concur.

DICKSON, J. concurring, writes separately in which SHEPARD, C.J. concurs.

BOEHM, J. dissenting, writes separately in which SULLIVAN, J. concurs.

DICKSON, J., concurring.

I understand the majority opinion to hold that, based on the materials presented for purposes of summary judgment, the trial court did not err in finding that Luxbury Hotels, Inc., had no duty to take reasonable care to protect the plaintiff from the particular criminal act involved in this case. I respectfully disagree with the dissent's interpretation that the majority holds that the hotel owes no duty not to disclose a room number.

I agree with the dissent that every hotel operator owes a duty to its guests (and its guests' guests) to take reasonable steps to preserve their safety against foreseeable harm. I also agree that the issue of whether it is unreasonable to give out a guest's room number is not subject to blanket resolution but rather is an issue of fact for trial. But these principles, in my view, are not contrary to the majority opinion.

*Clanton,* 605 So.2d 835, 838 (Ala.1992) (finding that the hotel owed its guest a duty to prevent unregistered or unauthorized third parties from gaining access to the guest's room when the unregistered and abusive husband convinced a hotel employee to admit him into the registered wife's room). Also, under the theory of premises liability, a duty is imposed only when a criminal act of the third party is foreseeable. Under the circumstances in this case, the fact that Luxbury disclosed C.W.'s room number to her husband did not make her husband's criminal acts foreseeable.

Uncontested issues of fact are subject to summary judgment. In support of its motion for summary judgment, the hotel presented an affidavit of an employee stating that she had worked at the location since the hotel opened and that she was "aware of no other incident similar to this one." In response, the plaintiff presented no evidence tending to show that the hotel had prior actual or constructive knowledge of a foreseeable, increased risk of crime resulting from providing guest room numbers. I, therefore, agree with the majority that there is no evidence in the record upon which the trial judge could have found that the hotel had a duty, based on a premises liability theory, to protect the plaintiff in this case.

SHEPARD, C.J., concurs.

BOEHM, J., dissenting.

I respectfully dissent. Although it seems probable to me that this case would ultimately be resolved against the plaintiff on one or more of several grounds, I do not believe that summary judgment is appropriate on the basis that the hotel owed Ellis no duty. I am not contending as the majority suggests, that there is a duty to refrain from giving out room numbers in all circumstances. Rather, in my view, every operator of a hotel has a duty to its guests (and its guests' guests) to take reasonable steps to preserve their safety against foreseeable harms. *See Burrell v. Meads*, 569 N.E.2d 637, 639 (Ind.1991) ("landowner owes the highest duty to an invitee: a duty to exercise reasonable care for his protection while he is on the landowner's premises"); *see also* RESTATEMENT (SECOND) OF TORTS § 314A(2) (1997); 40 AM.JUR.2D § 110 (1999) (a hotel guest has a right to rely on belief that its operator is exercising reasonable care for his or her safety). Whether it is unreasonable to give out the room number of a guest is, it seems to me, not susceptible to a blanket resolution, which is the effect of holding that the hotel owes no duty not to disclose a room number. Rather, I would think it

is a jury question whether it was a breach of the general duty to take reasonable steps to preserve safety. *See Beckett v. Clinton Prairie School Corp.*, 504 N.E.2d 552, 554 (Ind.1987) (whether defendant exercised reasonable care is a factual determination for the jury).

This case presents a number of other factors that may bar recovery. Even if disclosure of the room number under the circumstances was found to be unreasonable, the trier of fact might well conclude that any causal chain was broken by the voluntary opening of the door by the inhabitants. Nonetheless, I would not grant summary judgment on the basis of the absence of duty. Hotel guests should be able to rely on their host's taking reasonable precautions for their protection.

SULLIVAN, J., concurs.